PEOPLE v HAYNES (AFTER REMAND)

PEOPLE v MILLER (AFTER REMAND)

PEOPLE v LYONS (AFTER REMAND)

Docket Nos. 190360, 190361, 190366. Submitted December 3, 1996, at Detroit. Decided February 14, 1997, at 9:15 A.M. Leave to appeal sought.

Minors Kermit E. Haynes, Cortez Miller, and Deshawn Lyons, now James E. Lyons, Jr., each pleaded guilty in separate actions in the Recorder's Court for the City of Detroit, Dalton A. Roberson, J., of first-degree murder and other felonies. After separate hearings, the court sentenced the defendants as juvenile offenders and committed them to the care of the Department of Social Services. In each case, the prosecution appealed, alleging that the defendants should have been sentenced as adult offenders to the mandatory term of life imprisonment without the possibility of parole.

In *People v Haynes*, 199 Mich App 593 (1993), the Court of Appeals, DOCTOROFF, C.J., and CAVANAGH, J. (MURPHY, J., concurring in part and dissenting in part), reversed the trial court's ruling and remanded for sentencing as an adult. The Supreme Court denied leave to appeal. 445 Mich 855 (1994). On remand, the trial court granted Haynes' motion for an evidentiary hearing regarding his motion to withdraw his guilty plea. The Court of Appeals, WHITE, P.J., and HOOD, J. (CORRIGAN, J., dissenting), in an unpublished order entered November 21, 1994 (Docket No. 178974), denied the prosecution's request for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, vacated the trial court's order granting the hearing and directed the trial court to sentence Haynes as an adult, but without prejudice to subsequent consideration of the motion to withdraw the guilty plea or other motions. 447 Mich 1021 (1994). On remand, the trial court sentenced Haynes to the mandatory adult sentence, conducted a hearing, and granted Haynes' motion to withdraw his guilty plea. The prosecution appealed by leave granted, and Haynes cross appealed. (Docket No. 190360).

In *People v Miller*, 199 Mich App 609 (1993), the Court of Appeals, DOCTOROFF, C.J., and CAVANAGH, J. (MURPHY, J., concurring in part and dissenting in part), reversed the trial court's ruling and remanded for sentencing as an adult. The Supreme Court denied

leave to appeal. 445 Mich 855 (1994). On remand, the trial court granted Miller's motion for an evidentiary hearing regarding his motion to withdraw his guilty plea. The Court of Appeals in an unpublished order entered November 21, 1994 (Docket No. 178975), denied the prosecution's request for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, vacated the trial court's order granting the hearing and directed the trial court to sentence Miller as an adult, but without prejudice to subsequent consideration of the motion to withdraw the guilty plea or other motions. 447 Mich 1022 (1994). On remand, the trial court sentenced Miller to the mandatory adult sentence, conducted a hearing, and granted Miller's motion to withdraw his guilty plea. The prosecution appealed by leave granted. (Docket No. 190361).

In *People v Lyons*, 195 Mich App 248 (1992), the Court of Appeals, JANSEN and T. J. LESINSKI, JJ. (MICHAEL J. KELLY, P.J., dissenting), vacated the trial court's order and remanded for sentencing as an adult. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration, finding that Lyons had been denied the effective assistance of appellate counsel. 442 Mich 895 (1993). On remand, the Court of Appeals, JANSEN and REILLY, JJ. (MICHAEL J. KELLY, P.J., dissenting), reversed the trial court's decision and remanded for sentencing as an adult. 203 Mich App 465 (1994). On remand, the trial court sentenced Lyons as an adult, conducted a hearing regarding Lyons' motion to withdraw his guilty plea, and granted Lyons' motion to withdraw his guilty plea. The prosecution appealed by leave granted. (Docket No. 190366). The appeals were consolidated.

After remand, the Court of Appeals *held*:

1. The trial court erred in each case in applying MCR 6.310(B), concerning withdrawal of a plea before sentencing, in deciding the defendants' motions to withdraw their guilty pleas. The proper court rule to apply in each case is the rule regarding challenging a plea after sentencing, MCR 6.311.

2. In each case, the defendant's plea was made knowingly, understandingly, and voluntarily. Trial counsel's alleged failure to inform the defendants that the prosecution could appeal the trial court's decision to sentence the defendants as juveniles did not constitute ineffective assistance of counsel.

3. The record does not support the trial court's conclusion in each case that trial counsel's performance suggested promises of leniency or incorrect statements of the law or that the plea withdrawal was supported by the defendants' claims of innocence. The

trial court clearly erred in granting the defendants' motions to withdraw their pleas.

4. The issues raised by Haynes in his cross appeal, that the trial court erred in limiting the scope of the evidentiary hearing and that his trial counsel rendered ineffective assistance by failing to move to suppress Haynes' statement to the police, are waived for appellate review because of Haynes' unconditional guilty plea.

5. The trial court's orders granting the defendants' motions to withdraw their guilty pleas must be reversed. The convictions and sentences of life imprisonment without the possibility of parole must be affirmed.

Orders reversed, sentences of life imprisonment without parole affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW PLEA.

   MCR 6.311 is the court rule to be applied to a defendant's motion to withdraw a plea of guilty that is made after the defendant has been sentenced as a juvenile, the prosecution has appealed from the trial court's decision to sentence the defendant as a juvenile, and the trial court's decision has been reversed and the case has been remanded to the trial court with orders to sentence the defendant as an adult.

2. CRIMINAL LAW — GUILTY PLEAS — MOTION TO WITHDRAW PLEA.

   There is no absolute right to withdraw a guilty plea after the plea has been accepted by the trial court; the decision whether to grant a motion to withdraw a guilty plea rests within the discretion of the trial court where the motion is made after sentencing, and that decision will not be disturbed on appeal unless there has been a clear abuse of discretion resulting in a miscarriage of justice.

3. CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL — MOTION TO WITHDRAW PLEA.

   Courts reviewing a claim of ineffective assistance of counsel arising out of a guilty plea should focus on whether the plea was made knowingly, voluntarily, and understandingly; whether a plea was made intelligently depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, not on whether counsel's advice was right; requests to withdraw guilty pleas generally are regarded as frivolous where the circumstances indicate that the true motivation for moving to withdraw is a concern regarding sentencing.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting

Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Thomas M. Chambers*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg*), for Kermit Haynes.

*Kelley, Cramer, Minock & Gallagher, P.C.* (by *John R. Minock*), for Cortez Miller and Deshawn Lyons on appeal.

AFTER REMAND

Before: JANSEN, P.J., and SAAD and M. D. SCHWARTZ[*], JJ.

JANSEN, P.J. In these consolidated appeals, the Wayne County Prosecutor appeals by leave granted from October 23, 1995, orders of the Detroit Recorder's Court granting these defendants' motions to withdraw their guilty pleas. Defendant Kermit Haynes has also filed a cross appeal. We reverse the trial court's orders granting defendants' motions to withdraw their guilty pleas.

The facts of these cases have been adequately set forth in the prior decisions of this Court, and we see no need to reiterate them here. See *People v Haynes*, 199 Mich App 593; 502 NW2d 758 (1993); *People v Miller*, 199 Mich App 609; 503 NW2d 89 (1993); *People v Lyons (On Remand)*, 203 Mich App 465; 513 NW2d 170 (1994). However, a full recitation of the procedural history is necessary in order to resolve these appeals. We will address each defendant's appeal separately.

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

DOCKET NO. 190360

Kermit Eldridge Haynes, born July 8, 1973, was involved in the shooting death of Benjamin Gravel on February 8, 1990. Haynes, along with five other young men, spent that evening attempting to steal a car at gunpoint because they wanted a car to go to a party. Haynes was the one who actually shot and killed Gravel that night. Haynes was charged with first-degree murder, MCL 750.316; MSA 28.548, assault with intent to rob while armed, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He pleaded guilty as charged on March 27, 1990, and the matter was set for a juvenile sentencing hearing before Detroit Recorder's Court Judge Dalton A. Roberson. Following the hearing, Judge Roberson sentenced Haynes as a juvenile and ordered that he be placed with the Michigan Department of Social Services until the age of twenty-one.

The prosecution appealed that ruling, arguing that the trial court abused its discretion in sentencing Haynes as a juvenile. This Court agreed, reversed the trial court's ruling, and remanded with instructions to sentence Haynes as an adult. *Haynes, supra*, p 594. Haynes sought to appeal to the Supreme Court, but leave was denied on April 8, 1994. 445 Mich 855 (1994). The case was returned to the trial court and sentencing was scheduled for June 8, 1994. However, on June 8, 1994, Haynes filed a motion for relief from judgment pursuant to MCR 6.508(D). Haynes later withdrew his motion for relief from judgment and, on July 1, 1994, he filed a motion to withdraw his guilty plea and for an evidentiary hearing. Haynes claimed that he was entitled to withdraw his guilty plea

because it was not made voluntarily, knowingly, and understandingly, because he was denied the effective assistance of counsel, and because he was denied due process.

On September 14, 1994, the trial court granted Haynes' motion for an evidentiary hearing. The prosecution sought leave to appeal in this Court, but the Court, WHITE, P.J., and HOOD, J. (CORRIGAN, J., dissenting), denied leave to appeal in an unpublished order entered on November 21, 1994 (Docket No. 178974). The prosecution then sought leave to appeal in the Supreme Court, and the Supreme Court, in lieu of granting leave to appeal, vacated the trial court's order of September 14, 1994, and further directed that Haynes be sentenced as an adult, but without prejudice to subsequent consideration of the motion to withdraw the guilty plea or motions for other relief that Haynes might pursue. 447 Mich 1021 (1994).

The case was returned to the trial court, and on December 19, 1994, Haynes was sentenced as an adult to the mandatory term of life imprisonment without the possibility of parole for first-degree murder. The trial court then held an evidentiary hearing regarding Haynes' motion to withdraw his guilty plea on April 13, 1995. Following the hearing, the trial court granted Haynes' motion to withdraw his guilty plea. The prosecution applied for leave to appeal, which was granted by this Court on February 1, 1996.

The prosecution contends that the trial court abused its discretion in granting Haynes' motion to withdraw his guilty plea. The trial court applied MCR 6.310(B) (withdrawal of plea before sentence) in deciding the motion. The prosecution contends that the trial court should have applied MCR 6.311 (chal-

lenging plea after sentence). We agree with the prosecutor in this regard.

The trial court sentenced Haynes as a juvenile on August 28, 1991. Although the prosecutor has appealed the propriety of sentencing Haynes as a juvenile, Haynes has, at all times during the pendency of these appeals, been under sentence. Further, this Court's first opinion in *Haynes* reversed the trial court's decision to sentence Haynes as a juvenile and remanded for him to be sentenced as an adult. We cannot agree with Haynes' claim that the Supreme Court's order of December 7, 1994, vacated his sentence such that the case is in a presentence posture and MCR 6.310(B) applies. The Supreme Court's order directed that the Recorder's Court order of September 14, 1994 (granting Haynes an evidentiary hearing regarding his motion to withdraw his guilty plea) be vacated. The Supreme Court further directed that Haynes be "sentenced as an adult forthwith, . . . but without prejudice to subsequent consideration of the motion to withdraw the plea of guilty or motions for other relief which the defendant might pursue." 447 Mich 1021-1022. The Supreme Court's order cannot be read as vacating Haynes' sentence so that the case was placed in a presentence posture when he moved to withdraw his guilty plea.

On the basis of the procedural history of this case, logic dictates that Haynes moved to withdraw his guilty plea *after* sentencing. Here, the trial court had sentenced Haynes, although as a juvenile, and the appellate issues have all related to the propriety of sentencing him as a juvenile rather than as an adult. Therefore, we conclude that the trial court erred in applying MCR 6.310(B) to Haynes' motion to with-

draw his guilty plea. The proper court rule to apply in this case is MCR 6.311, which controls the challenge of a plea after sentencing, and we will apply MCR 6.311 in this case.

After a plea has been accepted by the trial court, there is no absolute right to withdraw the plea. *People v Eloby (After Remand)*, 215 Mich App 472, 474; 547 NW2d 48 (1996). When a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the discretion of the trial court. *Id.*, p 475. That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice. *Id.*

Haynes primarily contends, and the trial court agreed, that he was denied the effective assistance of counsel because trial counsel did not explain to him that the prosecution had the right to appeal his sentence if the trial court decided to sentence him as a juvenile. Thus, Haynes claims that he did not fully understand the ramifications of pleading guilty of first-degree murder because the appellate courts could reverse the trial court's decision and order that he be sentenced as an adult. Therefore, it is Haynes' claim that his plea was not made knowingly, voluntarily, or understandingly.

In reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the courts should focus on whether the defendant's plea was made voluntarily and understandingly. *In re Oakland Co Prosecutor*, 191 Mich App 113, 120; 477 NW2d 455 (1991). Whether a plea is unintelligently made depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, not on whether counsel's advice was right or wrong.

*Id.*, p 122. Further, requests to withdraw pleas are generally regarded as frivolous where the circumstances indicate that the defendant's true motivation for moving to withdraw is a concern regarding sentencing. *People v Holmes*, 181 Mich App 488, 492; 449 NW2d 917 (1989). Indeed, this Court has stated that counsel's incorrect prediction concerning a defendant's sentence and the prosecutor's role in sentencing is not enough to support a claim of ineffective assistance of counsel. *In re Oakland Co Prosecutor*, *supra*, p 124. More recently, this Court "decline[d] to hold that a guilty plea to first-degree murder is per se proof that [a] defendant received ineffective assistance of counsel." *People v Effinger*, 212 Mich App 67, 71; 536 NW2d 809 (1995).

Haynes claims that his counsel did not advise him that the prosecutor had the right to appeal his sentence if he was sentenced as a juvenile. However, the record indicates that Haynes was well aware of the sentencing consequences at the time of the plea hearing. The plea hearing in this case was conducted on March 27, 1990. Defendant's trial counsel, Wilfred Rice, the prosecutor, Marc Hart, Judge Roberson, and defendant were present at the plea hearing, and the following occurred:

> *Mr. Rice:* Your Honor, for the record, my name is Wilfred C. Rice. I have talked with Mr. Haynes and his family at length about the matter before the court today and it is his desire and with the acquiescence of the father, that he enter a plea of guilty as charged to murder in the first degree and felony firearm, assault with intent to rob being armed.
>
> I have explained to him the possible punishments that are involved in all of the charges before the court, the fact that he could be sentenced as an adult to natural life without parole.

*The Court:* You also explained to him that's the only hope he's got?

*Mr. Rice:* Right.

*The Court:* Because Mr. Hart also indicated, which should put him on formal notice, that he is going to make a recommendation to him as to the other defendant. He wants a day long hearing or there about, for the purpose of trying to convince me that he should be treated as an adult. Does he understand that?

*Mr. Rice:* Yes, I explained that the court has the discretion to consider him for sentencing as an adult or as a juvenile.

*The Court:* If he is sentenced as an adult he has no hope.

*Mr. Rice:* That's right.

*The Court:* Okay.

*Mr. Rice:* That's his understanding.

*The Court:* He wants to take that chance?

*Mr. Rice:* Yes, sir, we want to take that chance.

*The Court:* Mr. Hart?

*Mr. Hart:* Judge, my only concern quite frankly I think that by taking a plea to murder one the defense is setting up the scenario that if you decide to sentence him as an adult and he goes to the adult facility this will get reversed as an ineffective plea.

*The Court:* Why is that?

*Mr. Hart:* I don't think you can responsibly plead somebody to first degree murder.

*Mr. Rice:* That's not what the law says. The law says that at an arraignment a defendant can plead to whatever he wants to.

The trial court then proceeded to inform Haynes of the possible punishments for first-degree murder, assault with intent to rob while armed, and felony-firearm. The trial court specifically informed Haynes that first-degree murder is punishable by a mandatory term of life imprisonment and is not parolable. At the plea hearing, Haynes stated that no one was forcing

him to plead guilty, that he was pleading guilty freely, understandingly, and voluntarily, that his counsel had explained to him the possible sentences, that no one promised him that the judge would be lenient, and that he had discussed his guilty plea with his parents. Haynes then established the factual basis for the plea.

Therefore, the record clearly indicates that Haynes was aware that he could be sentenced as an adult to a mandatory term of life imprisonment without the possibility of parole as early as the plea hearing. Yet, knowing that he faced the possibility of being thus sentenced, Haynes still pleaded guilty of first-degree murder and did not move to withdraw his guilty plea until after the appellate process. The record indicates that counsel explained the consequences of pleading guilty of first-degree murder and that defendant's plea was made knowingly, understandingly, and voluntarily. *Effinger, supra,* pp 70-71.

Moreover, we note that trial counsel's strategy *worked*. Trial counsel advised Haynes to plead guilty, believing that he could convince the trial court to sentence Haynes as a juvenile, which the trial court did. The fact that the appellate courts have ordered that Haynes be sentenced as an adult does not render trial counsel's strategy to constitute ineffective assistance of counsel. Under the circumstances of this case, we decline to hold that trial counsel's failure to inform Haynes that the prosecutor could appeal the trial court's sentencing decision constituted ineffective assistance of counsel.[1] Haynes was fully aware of the

---

[1] We assume for purposes of defendant Haynes' appeal that defense counsel did not inform him that the prosecutor could appeal the trial court's sentencing decision. At the time of the evidentiary hearing, Haynes' trial counsel was deceased and could not testify with regard to

consequences of pleading guilty of first-degree murder at the time of the plea hearing.

With regard to the trial court's conclusions that trial counsel's performance suggested promises of leniency or incorrect statements of the law, the record does not support such conclusions. Courts generally will reject assertions that promises of leniency were made where, as here, the defendant has sworn on the record that no such promises were made. *People v Jackson*, 203 Mich App 607, 612; 513 NW2d 206 (1994). Further, there is no record support for Haynes' postsentencing allegation that such a promise was made. See *id.*, pp 612-613. Trial counsel's statements at the plea hearing show that Haynes was informed that by pleading guilty he faced a prison term of life without the possibility of parole. There is simply no indication that trial counsel informed Haynes of incorrect statements of the law or promised leniency, as evidenced by the remarks made at the plea hearing.

Finally, the trial court's conclusion that the plea withdrawal was also supported by Haynes' claim of innocence is wrong. Haynes established the factual basis for the plea in March 1990 and stated on the record that he shot at Gravel. It was not until after the appellate process and five years after tendering his guilty plea that Haynes claimed his innocence regarding these charges. The timing of Haynes' claim, coupled with the fact that he clearly established a factual basis for the plea in March 1990, certainly indi-

---

this matter. Haynes testified that his trial counsel had not informed him that the prosecutor could appeal the trial court's sentencing decision. However, Haynes knew that he faced the possibility of a life without parole sentence at the time that Judge Roberson was to sentence him.

cates that the trial court's finding that his testimony at the hearing where he moved to withdraw the guilty plea supported his claim of innocence is clearly erroneous. Despite its effort to do so, the trial court could not insulate its factual findings from review under the guise of a credibility determination where prior record evidence is directly contrary to Haynes' current claim of "innocence." *Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990). Here, in reviewing the entire record and in considering the timing of Haynes' claim, the trial court's finding that Haynes' claim of innocence at the evidentiary hearing supported the motion to withdraw the guilty plea is clearly erroneous because such a claim is implausible. *Id.*, p 803.

Accordingly, we conclude that Haynes' guilty plea was tendered knowingly, understandingly, and voluntarily. There was no error in the plea proceeding to justify setting aside defendant's guilty plea under MCR 6.311. *People v Montrose (After Remand)*, 201 Mich App 378, 380; 506 NW2d 565 (1993). The trial court clearly abused its discretion in granting defendant's motion to withdraw his guilty plea.

In his cross appeal, Haynes raises the additional issue that the trial court erred in limiting the scope of the evidentiary hearing. Haynes also claims that trial counsel was ineffective in failing to move to suppress his statement to the police. However, these issues are waived for appellate review because of defendant's unconditional guilty plea. *People v Vonins (After Remand)*, 203 Mich App 173, 175-176; 511 NW2d 706 (1993).

Cortez Miller, born April 4, 1974, was also one of six young men involved in the shooting death of Benjamin Gravel on February 8, 1990. Miller pleaded guilty as charged on March 23, 1990, of first-degree murder, assault with intent to rob while armed, and felony-firearm. Following a juvenile sentencing hearing, Judge Roberson sentenced Miller as a juvenile and ordered that he be placed with the Department of Social Services until the age of twenty-one. The prosecutor appealed Judge Roberson's decision to sentence Miller as a juvenile, and this Court reversed the decision and ordered that the adult sentence be imposed. See *Miller, supra*, p 610. Miller sought leave to appeal to the Supreme Court, and leave was denied on April 8, 1994. 445 Mich 855 (1994).

Sentencing as an adult in the trial court was set for June 8, 1994, but Miller filed a motion for relief from judgment. Miller later withdrew this motion, but on July 1, 1994, he filed a motion to withdraw his guilty plea. Judge Roberson issued an order granting an evidentiary hearing on September 14, 1994. The prosecution sought leave to appeal to this Court, but leave was denied on November 21, 1994. The prosecutor then sought leave to appeal to the Supreme Court, and the Supreme Court, in lieu of granting leave to appeal, vacated Judge Roberson's order and ordered that Miller be sentenced as an adult "forthwith," but without prejudice to subsequent consideration of the motion to withdraw the guilty plea or motions for other relief. 447 Mich 1022 (1994). On December 19, 1994, Judge Roberson sentenced Miller as an adult to the mandatory term of life imprisonment without the possibility of parole.

On May 4, 1995, an evidentiary hearing was conducted regarding Miller's motion to withdraw his guilty plea. On October 23, 1995, the trial court granted Miller's motion to withdraw his guilty plea on the basis of ineffective assistance of counsel. The prosecution filed an application for leave to appeal, and this Court granted leave on February 1, 1996.

For the same reasons set forth in Docket No. 190360, we find that the trial court erred in applying MCR 6.310(B). The correct court rule to apply was MCR 6.311 because Miller moved to withdraw his guilty plea after sentencing. The trial court originally sentenced Miller as a juvenile on June 17, 1991, and he has at all times been under sentence since that date. The only issue has been the propriety of sentencing Miller as a juvenile.

Defendant Miller's argument on appeal is the same as Haynes' argument. Miller claims that trial counsel never informed him that the prosecutor had the right to appeal the sentencing decision if the trial court decided to sentence him as a juvenile. Contrary to Miller's argument, we find that he knowingly, understandingly, and voluntarily tendered his plea and that no error occurred in the plea proceeding. Accordingly, the trial court clearly abused its discretion in granting Miller's motion to withdraw his guilty plea.

Defendant, defendant's mother, defendant's trial counsel, Charles Lusby, the prosecutor, Marc Hart, and Judge Roberson were all present at the plea hearing on March 23, 1990. The following occurred:

> *Mr. Lusby*: Your Honor, Mr. Miller would like to withdraw his plea of not guilty to murder in the first degree felony murder, assault with intent to rob being armed and felony firearm and tender a plea of guilty to those charges.

There have not been any agreements made with the prosecution. Mr. Hart has said that their office is going to recommend that Mr. Miller be sentenced as an adult. We have not agreed to that. That is his recommendation. He has a right to recommend that.

*Mr. Hart:* Could I say something before we start taking the plea?

*The Court:* Sure.

*Mr. Hart:* I just want the defendant to be absolutely stone cold aware as to what is going on. He is pleading guilty to first degree murder.

*The Court:* Mandatory life imprisonment, do you understand that?

*Mr. Miller:* Yes.

*The Court:* The only hope that you got if I am convinced to treat you as a juvenile for the purpose of disposition, do you understand that?

*Mr. Miller:* Yes sir.

*The Court:* Okay. Are any of the parents in court?

*Mr. Lusby:* The mother.

*The Court:* This has been discussed with you?

*Mrs. Miller:* Yes.

*The Court:* You want him to do this—well, you don't have any choice, but I want you to know.

*Mrs. Miller:* I understand he has with you that you might do it as a juvenile and you might do it as an adult.

*The Court:* If I do it as an adult he's got no hope.

*Mrs. Miller:* Right.

*The Court:* Okay.

*Mr. Hart:* Moreover let there be no mistake. We are asking that he be sentence[d] as an adult. He is the worse [sic] of the actors in the entire scenario and I intend to offer, I intend to hold a full disposition hearing.

\*     \*     \*

*The Court:* You want to offer the plea?

*Mr. Lusby:* Yes your Honor, we are prepared to offer the plea.

The trial court then proceeded to inform Miller of the sentencing consequences for first-degree murder, assault with intent to rob while armed, and felony-firearm. Miller stated that he was pleading guilty freely, understandingly, and voluntarily, and he established the factual basis for the plea. Moreover, at a hearing on February 22, 1991, for the purpose of closing argument the prosecutor made the following remarks while Miller was in the courtroom:

*Mr. Hart:* Your Honor, before we get into the substance of the argument, let me just state our position up front and dispel any misunderstanding on what our position on this case is.

On behalf of John D. O'Hair, it is the position of the Wayne County Prosecutor's Office, while there are some circumstances where the mandatory sentencing provisions of the statute might not be appropriate, it is our position that this is not one of those kinds of cases. It is the opinion of the Wayne County Prosecutor's Office that based on the facts and circumstances of this case, justice compels and demands that this young person be sentenced as an adult and that he be sentenced to life in prison. It is the position of the Wayne County Prosecutor's Office that any sentence less than life in prison would be wholly disproportionate to the seriousness of the crime based on the factual situation and it would be entirely unreasonable in light of this Defendant's part, this Defendant's active participation in the crime.

It is our position that any sentence less than life in prison would be an affront to the integrity of the criminal justice system and an affront to the dignity of Benjamin Gravel and his family, and an affront to the people of this community who rely on the Courts to protect them against marauding, ambushing people who prey upon law-abiding citizens.

In the event that the Court imposes any sentence less than life in prison, it is the opinion of the Wayne County Prosecutor's Office that we will seek immediate review in

the higher court to redress what we believe to be the woefully disproportionate leniency of the sentence.

In this case, there can be no doubt that Miller was aware of the sentencing consequences of pleading guilty of first-degree murder. Indeed, in Miller's case, the prosecutor stated on the record in open court that he would appeal if the trial court sentenced Miller to any lesser sentence than as an adult to life imprisonment without the possibility of parole. Therefore, we conclude that Miller's plea was made knowingly, understandingly, and voluntarily. At the juvenile sentencing hearing, Miller knew that the prosecutor could appeal the sentence, yet he did not move to withdraw his guilty plea until after the appellate process. There is simply no support in the record that Miller did not understand the consequences of pleading guilty of first-degree murder.

The remainder of the trial court's reasons for granting the motion to withdraw the guilty plea are also rejected for essentially the same reasons set forth in Haynes' appeal. There is no record support for Miller's postsentencing allegation that a promise of leniency was made by his counsel. In fact, Lusby testified at the evidentiary hearing that he did not tell Miller that Miller would be sentenced as a juvenile. Rather, Lusby told Miller that his chances were very good that he would be sentenced as a juvenile based on the basis of the recommendations of the Department of Social Services, the Probation Department, and the independent psychologist. This advice does not amount to a promise of leniency and does not even constitute bad advice. As noted in Haynes' appeal, counsel's trial strategy in this case worked because Miller was sentenced as a juvenile by the

trial court. Therefore, the record does not support the conclusion that Miller was promised leniency by defense counsel or that counsel informed him of incorrect statements of law.

Likewise, Miller's claim of "innocence" is not supported by a review of the entire record. The timing of Miller's claim, some five years after tendering his guilty plea, coupled with the fact that he clearly established a factual basis for the plea, renders his claim of innocence to be implausible. The trial court's finding that this was merely a credibility determination and that it believed Miller's claim of innocence at the evidentiary hearing is clearly erroneous.

Accordingly, we conclude that Miller's guilty plea was tendered knowingly, voluntarily, and understandingly. There was no error in the plea proceeding to justify setting aside defendant's guilty plea under MCR 6.311. *Montrose, supra,* p 380. The trial court clearly abused its discretion in granting Miller's motion to withdraw his guilty plea.

DOCKET NO. 190366

Deshawn Lyons (now known as James Edwin Lyons, Jr.), born August 10, 1973, shot and killed Douglas Thomas on November 27, 1989. Lyons pleaded guilty of first-degree murder and felony-firearm. Following a juvenile sentencing hearing, Judge Roberson sentenced Lyons as a juvenile on November 30, 1990. The prosecution appealed that decision, and this Court vacated the sentence and ordered that Lyons be sentenced as an adult. *People v Lyons,* 195 Mich App 248; 489 NW2d 218 (1992). In lieu of granting leave to appeal, the Supreme Court vacated this Court's judgment and remanded the case to this Court

for reconsideration, finding that Lyons had been denied the effective assistance of appellate counsel. 442 Mich 895 (1993). On remand, this Court reversed Judge Roberson's decision and remanded for the trial court to sentence Lyons as an adult. *Lyons, supra,* 203 Mich App 467. On September 2, 1994, the Supreme Court denied Lyons leave to appeal. 447 Mich 959 (1994).

On January 30, 1995, Judge Roberson sentenced Lyons as an adult to the mandatory term of life imprisonment without the possibility of parole. Before being sentenced as an adult, Lyons moved orally to withdraw his guilty plea. On April 5, 1995, Lyons filed a written motion to withdraw his guilty plea. An evidentiary hearing was conducted on April 13, 1995, and, on October 23, 1995, the trial court granted Lyons' motion to withdraw the guilty plea. The prosecution filed an application for leave to appeal, which this Court granted on February 1, 1996.

The parties again dispute whether MCR 6.310(B) or MCR 6.311 applies to this case. For the reasons set forth in Haynes' and Miller's appeals, we find that MCR 6.311 is the correct rule to apply because Lyons was clearly sentenced in this case before he moved to withdraw his guilty plea. Lyons was sentenced on November 30, 1990, as a juvenile. The prior appeals in this case all concern the propriety of sentencing Lyons as a juvenile, and he has at all times been under a sentence. Further, Lyons was sentenced as an adult on January 30, 1995, and it was not until April 5, 1995, that he filed a written motion to withdraw his guilty plea. Accordingly, the trial court erred in applying MCR 6.310(B), and we will apply MCR 6.311.

Lyons pleaded guilty on March 30, 1990. Defendant, defendant's father, defendant's trial counsel, Laurence Burgess, the prosecutor, William Rollstin, and Judge Roberson were all present at the plea hearing. The following colloquy occurred:

> *The Court:* Okay. The defendant was scheduled to go to trial yesterday.
>
> *Mr. Rollstin:* That's correct your Honor it was put over to today because there is another [j]ury trial in Judge Roberts' courtroom.
>
> *The Court:* Counsel?
>
> *Mr. Burgess:* Larry [Laurence] Burgess appearing on behalf of Mr. Lyons. Judge this is an unusual situation we're about to offer a plea on the first degree murder case.
>
> This as juvenile. I have discussed the matter extensively with both my client who is 16 years old and his father who is present here in the courtroom with him today.
>
> *The Court:* What is the father's name for the record Mr. Burgess?
>
> *Mr. Burgess:* James Lyons.
>
> \*     \*     \*
>
> *Mr. Burgess:* After discussing it with him judge I'm convinced that this is in the best interest that I'm convinced I will be able to at the appropriate time at the disposition hearing in this matter convince this court to place Mr. Lyons into the juvenile system as opposed to the adult system and on the basis of that he wishes to offer plea of guilty at this time judge.
>
> *The Court:* Okay.
>
> *Mr. Rollstin:* Judge the People are objecting to it. The bottom line is Mr. Lyons right now through Judge Carnovale's courtroom was blind drawn to Judge Roberts' courtroom.
>
> That is where the case currently sits right now. The people are prepared to go to trial.
>
> I have all of my witnesses here and the reason that Mr. Lyons is before you is quit[e] obvious in terms of offering a

plea of guilty to your Honor instead of Judge Roberts. I believe that what this constitutes is a form of [sic—forum] shopping and the People are objecting to Deshawn Lyons pleading guilty to the charge before your Honor.

*The Court:* You can't object to him pleading guilty, I'm the chief judge.

All the cases are mine.

*Mr. Rollstin:* But I think that constitutes a form of [sic - forum] shopping and we object.

*The Court:* I'll take the plea over your objection.

I have no objection to it.

The trial court then proceeded to inform Lyons that there were two sentencing options: he could be sentenced as an adult and spend the rest of his life in prison without the possibility of parole or he could be sentenced as a juvenile until his twenty-first birthday. Lyons' father also indicated on the record that he believed that counsel was acting in the best interest of his son. Defendant Lyons indicated that he was satisfied with the services of counsel and he established a factual basis for the plea.

Once again, the record clearly indicates that Lyons was aware that he could be sentenced as an adult to a mandatory term of life imprisonment without the possibility of parole at the time of the plea hearing. Despite knowing this, Lyons pleaded guilty of first-degree murder and did not move to withdraw the plea until after the appellate process. Therefore, the record indicates that Lyons understood the consequences of pleading guilty of first-degree murder and that his plea was knowingly, understandingly, and voluntarily made.

The remainder of the trial court's reasons for granting the motion to withdraw the guilty plea are also rejected for essentially the same reasons set forth in

Haynes' and Miller's appeals. First, there is no record support for Lyons' postsentencing claim that a promise of leniency was made by counsel. At the evidentiary hearing, defense counsel stated that he did not promise Lyons any particular result. Counsel explained his reason for advising Lyons to plead guilty:

> Well, as I saw his case I saw it as a difficult case in terms of defense and potential danger of being convicted. I knew Judge Roberson for many many years and knew the kind of judge he was and the sentencing policies that he had and his sort of general philosophy in handling not so much these kind of cases but cases in general and handling youths. I believed that I could get a fair hearing from Judge Roberson and I believed that I could persuade him to sentence my client as a juvenile so I advised him to do what he did.

As we have noted in Haynes' and Miller's appeals, counsel's trial strategy worked because Lyons was sentenced as a juvenile by the trial court. Therefore, there is simply nothing in the record supporting the trial court's conclusion that counsel promised leniency or informed defendant of incorrect statements of law.

Similarly, Lyons' claim of "innocence" is not supported by a review of the record. The timing of the claim of innocence, after the appellate process and approximately five years after Lyons tendered his guilty plea, coupled with the fact that he clearly established a factual basis for the plea, renders his claim of innocence at this stage implausible. The trial court's finding that this presented a credibility issue and that it believed Lyons' claim of innocence at the evidentiary hearing is clearly erroneous.

Accordingly, we conclude that Lyons' guilty plea was tendered knowingly, voluntarily, and understandingly. There was no error in the plea proceeding to justify setting aside defendant's guilty plea under MCR 6.311. *Montrose, supra*, p 380. The trial court clearly abused its discretion in granting Lyons' motion to withdraw his guilty plea.

At this juncture, we note our concern with the arguments raised in these appeals regarding the claims of ineffective assistance of counsel. It is clear from the lower court records that the defendants were well aware of the sentencing consequences they faced when they chose to plead guilty of first-degree murder. It is quite ironic, however, that it was the prosecutors who pointed out to the trial court that it would be irresponsible for defense lawyers to plead their clients guilty of first-degree murder because of the sentencing consequences involved. Yet, at no time did Judge Roberson, the defendants, or the defense lawyers appear to be at all concerned that these young defendants were pleading guilty of crimes for which they faced a mandatory sentence of life imprisonment without the possibility of parole. It is apparent that the trial court's decision at this late stage in the game is nothing more than an attempt to evade the clear dictates of this Court and our Supreme Court that these defendants be sentenced to the adult terms of life imprisonment without the possibility of parole. However harsh that punishment may seem as it applies to juvenile offenders, it is for our Legislature to "provide a broader range of sentencing discretion in cases involving automatic waiver of juveniles." *Haynes, supra*, 445 Mich 855 (1994) (BOYLE, J.).

The trial court's orders granting defendants' motions to withdraw their guilty pleas are reversed. There being no basis to reverse these defendants' convictions or sentences, we emphasize that defendants' convictions and sentences of life imprisonment without the possibility of parole as adult offenders are hereby affirmed.