# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

ERIC JOSEPH WILLIAMS,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2016

No. 332779
Macomb Circuit Court
LC No. 2015-001454-FH

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

The prosecutor appeals as of right an order granting defendant's motions to withdraw his no-contest plea to second-degree home invasion, MCL 750.110a(3), and dismiss the charge. We reverse.

This case arises from a home invasion that occurred in 2009 in Eastpointe. On that day, Jeanna Bennette came home from work to discover the side door to her house open. When she went inside, Bennette discovered that her television had been stolen, so she called 911 and the police responded. When the police arrived they found that one of the bedroom windows was open, and concluded that was the burglar's likely "entry point." The police dusted two bedroom windows for fingerprints and recovered two latent prints. The fingerprints were sent to the Michigan State Police for review in January 2010, but they did not produce a match. However, in 2015, the fingerprints were run through the system again, and they produced a match to defendant. Accordingly, defendant was arrested, charged with second-degree home invasion, and pleaded no-contest to the charge.

Defendant eventually filed a motion to withdraw his plea due to ineffective assistance of counsel arguing that defense counsel was ineffective because she "never advised [him] that pre-arrest delay could be a basis for a pretrial motion to dismiss the charges against him," and failed to file a motion to dismiss defendant's case "due to inexcusable and prejudicial pre-arrest delay." Further, defendant asserted that based on counsel's failure, his plea "cannot be said to be voluntary." The trial court concluded that "there was ineffective assistance of counsel by defense counsel insofar as she did not, and she admittedly so, did not research and argue the pre-arrest delay." Accordingly, the trial court granted defendant's motion to withdraw his plea. Defendant then made an oral motion "that the charges against [him] be dismissed on the grounds

-1-

of prejudicial pre-arrest delay," and the court granted the motion and directed defendant "be released forthwith."

On appeal the prosecution first argues that, by pleading no-contest, defendant waived the issues of pre-arrest delay and ineffective assistance related to that claim. We disagree.

Entering a plea of nolo contendere is "an admission of all the essential elements of a charged offense and, thus, is tantamount to an admission of guilt for the purposes of the criminal case." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). Accordingly, "a plea of nolo contendere has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty." *People v Lannom*, 441 Mich 490, 493 n 6; 490 NW2d 396 (1992), citing *People v New*, 427 Mich 482, 493; 398 NW2d 358 (1986). An unconditional guilty plea waives any claim pertaining to the capacity of the state to prove the defendant's factual guilt, but does not waive a claim that "implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged." *New*, 427 Mich at 495. Further, "[w]here the alleged deficient actions of defense counsel relate to issues that are waived by a valid unconditional guilty plea, the claim of ineffective assistance of counsel relating to those actions is also waived." *People v Vonins (After Remand)*, 203 Mich App 173, 176; 511 NW2d 706 (1993).

Accordingly, while defendant would have waived these issues if he raised them for the first time on appeal, see e.g., *People v Depifanio*, 192 Mich App 257; 480 NW2d 616 (1991) (a defendant's guilty plea waives appellate review of violation of constitutional right to speedy trial), the issue on appeal here is whether the trial court erred in granting defendant's motion to withdraw his plea and motion to dismiss the charge against him. Accordingly, this waiver argument has no merit.

The prosecutor next argues that, if these issues are not waived, pre-arrest delay was not a viable defense to defendant's charge because the pre-arrest delay did not prejudice defendant and the pre-arrest delay was not due to the prosecutor's intent to gain a tactical advantage. Accordingly, the prosecutor argues that defense counsel did not provide ineffective assistance in failing to advise defendant that his charge could be dismissed on that basis. Because defendant was not denied the effective assistance of counsel, the prosecutor argues that defendant's plea was voluntarily, knowingly, and intelligently made, and the trial court, therefore, erred in granting defendant's motion to withdraw his plea. Because pre-arrest delay was not a viable defense to the charge, the prosecutor also argues the trial court erred in dismissing the charge against defendant. We agree.

Whether pre-arrest delay violated a defendant's right to due process is reviewed de novo. *People v Reid (On Remand)*, 292 Mich App 508, 511; 810 NW2d 391 (2011). "When a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the discretion of the trial court. That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice." *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997), citing *People v Eloby (After Remand)*, 215 Mich App 472, 475; 547 NW2d 48 (1996). "A trial court [] necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015), citing *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012); *People v Swain*, 288 Mich App 609, 628-

629; 794 NW2d 92 (2010). The trial court's ruling on a motion to dismiss is also reviewed for an abuse of discretion. *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012).

First, pre-arrest delay was not a viable defense to defendant's charge. We agree that prejudice resulting from delay between the commission of an offense and an arrest may violate a defendant's due process rights. *People v Patton*, 285 Mich App 229, 236-237; 775 NW2d 610 (2009). However, in order to obtain a dismissal based on pre-arrest delay, a defendant must establish that the delay caused actual and substantial prejudice to his ability to receive a fair trial. *Id*. at 237. Actual prejudice must be shown, and merely speculative prejudice is insufficient. *People v Adams*, 232 Mich App 128, 134-135; 591 NW2d 44 (1998). Substantial prejudice impairs the defendant's ability to defend against the charges to such an extent that the outcome of the criminal proceeding was likely affected. *Id*. "If a defendant demonstrates prejudice, the prosecution must then persuade the court that the reason for the delay sufficiently justified whatever prejudice resulted." *Patton*, 285 Mich App at 237. "[A]n investigative, as opposed to tactical, delay does not violate [] Due Process." *Adams*, 232 Mich App at 140. Finally, in order to constitute substantial prejudice, the prejudice resulting from the pre-arrest delay must relate to the defendant's ability to defend against the charge at issue. See *Adams*, 232 Mich App at 134-135.

This defendant does not argue that evidence was lost, exculpatory witnesses became unavailable, or that the pre-arrest delay caused other events to occur which diminished his ability to present a defense to the second-degree home invasion charge. Defendant's first arguments are concerned not with defending against the merits of the 2009 home invasion, but with sentencing. Defendant asserts that he was prejudiced because the delay deprived him of concurrent sentencing and subjected him to a fourth habitual enhancement, rather than a third habitual enhancement. Defendant committed the instant home invasion in October 2009, and while undetected for that crime, he committed additional felonies in February and June 2010. It is true that had there been no delay in charging defendant with the 2009 offense, perhaps defendant would have been incarcerated and not even able to commit the 2010 felonies, obliterating the need to consider concurrent sentencing and the habitual enhancement. However, the commission of the additional felonies was his choice and the prejudicial effect of that choice resides wholly with him. Accordingly, defendant does not assert the type of prejudice necessary to establish actual and substantial prejudice. Thus, while there was a substantial delay between the offense and arrest, defendant has failed to prove that the prejudice he asserts was "actual and substantial" to the extent that it "meaningfully impaired" his "ability to defend against" the home invasion charge and, as a result, "the disposition of the criminal proceeding was likely affected." *People v Cain*, 238 Mich App 95, 110; 605 NW2d 28 (1999). Accordingly, pre-arrest delay was not a viable defense to the first-degree home invasion charge against defendant.

Under these circumstances, defense counsel's performance did not fall below an objective standard of reasonableness, and defendant's plea was voluntarily and understandingly tendered. Because defendant was not denied the effective assistance of counsel, his plea was knowingly, voluntarily, and intelligently given. Accordingly, the trial court abused its discretion in permitting him to withdraw it. See *Haynes*, 221 Mich App at 563 (finding the trial court abused its discretion in granting the defendant's motion to withdraw his guilty plea where the defendant argued that he did not fully understand the ramifications of pleading guilty due to ineffective assistance of counsel but the court determined his plea was made knowingly,

voluntarily, or understandingly and there was no error in the plea proceeding to justify setting aside defendant's guilty plea).

Last, as discussed above, defendant did not establish the type of prejudice necessary to make dismissal due to the pre-arrest delay proper and the trial court, therefore, abused its discretion in granting defendant's motions to dismiss on that basis. See *Adams*, 232 Mich App at 138 (finding where the defendant failed to establish actual and substantial prejudice resulting from the pre-arrest delay, "the trial court abused its discretion in granting [the] defendants' motions to dismiss on the basis of prejudicial pre-arrest delay").

Reversed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra