*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

RUSSELL MARK DAVIS,

        Defendant-Appellee.

UNPUBLISHED
April 11, 2024

No. 366483
Chippewa Circuit Court
LC No. 19-003903-FH

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

In this interlocutory appeal the prosecution appeals by leave granted the circuit court's order granting defendant's motion to withdraw his plea. Defendant is charged with criminal sexual conduct in the third degree (CSC-III, incapacitated victim), MCL 750.520d(1)(c), and selling/furnishing alcohol to a minor, MCL 436.1701(1), a misdemeanor. We reverse the order of the circuit court and remand for entry of defendant's no-contest plea.

## I. FACTS

On the morning of trial, defendant pleaded no contest to the reduced charge of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2), in exchange for dismissal of the original charges. There was no sentencing agreement.

At sentencing, defense counsel and the prosecution reviewed the presentence investigation report (PSIR) and argued over how much jail credit defendant should receive toward his sentence. But during allocution, defendant stated that the only reason he took the plea deal was because he heard during plea negotiations in the judge's chambers that he would be sentenced to time served. Plea negotiations apparently took place in the circuit judge's chambers because the jury was seated in the courtroom. Defense counsel gave her sentencing allocution and confirmed that defendant entered his plea knowing that "he was not going to be going to prison" and "[t]hat is what we're asking the court to do today." Defense counsel went on, "If the court is not going to do that[,] we would ask for an adjournment of sentencing and I can file a motion to withdraw the court plea…." The prosecutor responded that there was no sentencing agreement, and that any discussion in chambers was regarding the calculation of the sentencing guidelines, not what sentence defendant

would ultimately receive because there was no sentencing agreement. The circuit court confirmed that there was not a sentencing agreement as part of the plea, but adjourned the hearing to allow defendant to file a motion to withdraw his plea.

About one month later, defendant filed a motion to withdraw his plea. Defendant argued that during plea negotiations in the trial judge's chambers, the judge promised that "there is likely to be no further jail." Defendant asserted that he took the plea deal because of this promise, it was an illusory plea agreement, and that he was entitled to withdraw his plea under MCR 6.310(B)(2)(b) and (B)(1). The circuit court heard arguments on the motion. The prosecutor argued that, in order to set aside the plea, the circuit court must find that it is in the interest of justice, and that here, it would not be in the interest of justice to set aside the plea just because defendant is dissatisfied with the sentence recommendation in the PSIR.

The circuit court granted the motion to withdraw defendant's plea. The circuit court reasoned that it was in the interest of justice to allow defendant to withdraw his plea because the court had allowed a defendant in an unrelated case to withdraw his plea. The circuit court went on to explain that "interest of justice" means "we treat them the same." Finally, the court concluded:

> It doesn't matter what happened in chambers. I don't recall what happened in chambers, but we don't even have to get that far. So I'm going to let Mr. Davis withdraw his plea; that's the rationale I'm using.

The circuit court withdrew defendant's plea and placed the matter back on its trial docket. The prosecution now appeals.

## II. DISCUSSION

The prosecution argues that the circuit court abused its discretion in allowing defendant to withdraw his plea by not properly considering the court rule governing plea withdrawal. We agree.

### A. STANDARD OF REVIEW

A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion. *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. (citation omitted). A trial court abuses its discretion when it makes an error of law. *Id*. Questions of law, such as the interpretation and application of court rules, are reviewed de novo. *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018).

### B. VOLUNTARINESS OF DEFENDANT'S PLEA

There is no absolute right to withdraw a plea once the trial court has accepted it. *Al-Shara*, 311 Mich App at 567; see also *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997). Guilty and no-contest pleas are governed by MCR 6.302. *People v Pointer-Bey*, 321 Mich App 609, 616; 909 NW2d 523 (2017). To be valid under MCR 6.302, a plea must be understanding, voluntary, and accurate. *Id*. "In order for a plea to be voluntary and understanding, the defendant

must be fully aware of the direct consequences of the plea." *Id*., quoting *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016). The "most obvious direct consequence of a conviction" is the maximum possible sentence for the offense. *Id*. at 118-119.

Here, before the circuit court accepted defendant's no-contest plea, the prosecutor explained that defendant would be pleading to a reduced charge of assault with intent to commit CSC-II, MCL 750.520g(2). The circuit court then asked defendant if that was his understanding of the plea agreement, and defendant responded affirmatively. The court informed defendant that he would be subject to a five-year maximum term of imprisonment at sentencing. Finally, the circuit court explained the rights that defendant would be giving up by pleading no contest, including the right to a jury trial, the right to question witnesses, and the right to automatically appeal. The record demonstrates defendant's plea was understanding, voluntary, and accurate. See MCR 6.302. Defendant was made aware of the maximum possible penalty and the other direct consequences of his plea. See *Pointer-Bey*, 321 Mich App at 616. Defendant and his counsel confirmed defendant was not threatened to plead no contest and was not promised anything outside the plea agreement.

## C. MOTION TO WITHDRAW PLEA

Withdrawal or vacation of a plea is governed by MCR 6.310. Here, the defendant withdrew his no-contest plea after the trial court's acceptance but before being sentenced. Therefore, MCR 6.310(B) applies and provides as follows:

> (1) a plea may be withdrawn on the defendant's motion or with the defendant's consent, only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea.

"In the interest of justice" has been interpreted to mean that the defendant must articulate a "fair and just reason" for withdrawing the plea. *People v Fonville*, 291 Mich App 363, 377-378; 804 NW2d 878 (2011), quoting *People v Wilhite*, 240 Mich App 587, 597; 618 NW2d 386 (2000) (subjective dissatisfaction with a sentence is not a valid ground for withdrawing a plea). Fair and just reasons include a claim of actual innocence or a valid defense to the charge. *Id*. at 378. "Things that are not considered fair and just reasons are dissatisfaction with the sentence or incorrect advice from the defendant's attorney." *Id*. (citation omitted). "The trial court may exercise its discretion to vacate an accepted plea only under the parameters of the court rule." *People v Caddell*, 332 Mich App 27, 61; 955 NW2d 488 (2020) (citation omitted).

The circuit court here found withdrawal of the plea to be in the interest of justice because the court permitted a defendant in an unrelated case to withdraw his plea. It is clear that fairness between unrelated defendants is not a fair and just reason for withdrawing a plea. A plea may be withdrawn *only* in the interest of justice. See MCR 6.310(B)(1) (emphasis added). "In the interest of justice" means that the defendant must articulate a fair and just reason for withdrawing the plea, such as a claim of actual innocence or a valid defense to the charges. See *Fonville*, 291 Mich App at 377-378. Here, the defendant's reason for withdrawal was that he was under the impression a prison sentence would not be imposed, based on statements he alleges the trial judge made during the chambers meeting. These alleged statements are not reflected in the record, and the trial judge

purported to have no memory of any sentencing discussion with defendant before the plea was entered. It is unlikely the trial judge made any promises regarding sentencing when the parties agreed on the record that no sentencing agreement was part of the plea (neither defendant nor his counsel objected when the trial judge stated at the time of the plea that there was no sentencing agreement). Even if the trial judge made statements to defendant regarding sentencing, dissatisfaction with the sentence has been found not to constitute a reason in the interest of justice under MCR 6.310(B)(1). See *Fonville*, 291 Mich App at 378.

Furthermore, the circuit court's reasoning for allowing defendant to withdraw his plea did not comport with the requirements of MCR 6.310(B)(1). The circuit court did not inquire whether defendant had a claim of actual innocence or a valid defense to the charge. See *Fonville*, 291 Mich App at 378. Because a defendant in an unrelated case was allowed to withdraw his plea the circuit court concluded that defendant should be allowed to withdraw his plea. This cursory comparison, without any discussion of the facts and pertinent circumstances of the two cases, is not a fair and just reason for allowing defendant to withdraw his plea. The circuit court's reasoning is completely divorced from the "interest of justice" standard required by the court rule and constitutes an abuse of discretion because a trial court may vacate an accepted plea *only* under the parameters of the court rule. See *Caddell*, 332 Mich App at 61.

In addition, the circuit court did not address the second prong of MCR 6.310(B)(1), which states that a plea may not be withdrawn if withdrawal "would substantially prejudice the prosecutor because of reliance on the plea." During the hearing on defendant's motion to withdraw his plea, the circuit court allowed defense counsel to make arguments regarding the motion, but the court made its ruling before hearing from the prosecution. Presumably, the prosecutor would have argued that allowing defendant to withdraw his plea would substantially prejudice the prosecutor due to reliance on the plea, as she now argues on appeal. But the circuit court did not afford the prosecutor an opportunity to make any argument, and went on to ignore the prejudice component of the court rule.

The parties' briefs suggest the complaining witness is now refusing to cooperate with the prosecution. Due to the nature of a CSC case, the testimony of the alleged victim is critical to the prosecution's case. Having to go forward with a trial without the alleged victim's testimony would constitute substantial prejudice to the prosecutor in reliance on the plea as described in MCR 6.310(B)(1). Again, the circuit court made an error of law by not addressing prejudice to the prosecutor in accordance with MCR 6.310(B)(1), and thus abused its discretion in granting defendant's motion to withdraw his plea.

Defendant asserts that the circuit judge acted improperly when he invited defendant into his chambers to participate in plea negotiations with the prosecutor and defense counsel. Defense counsel noted that never in her career had she observed a judge meet with a defendant in chambers. Defendant contends the circuit judge violated judicial canon 1 of the Michigan Code of Judicial Conduct (a judge should uphold the integrity and independence of the judiciary), by engaging in plea negotiations with the defendant directly, and failing to allow the crime victim to participate in the negotiations.

It is generally inappropriate for a circuit judge to invite the defendant into chambers and directly engage in plea negotiations due to the obvious fact that these discussions are not on the

record.  However, resolution of this issue is not necessary to conclude that the circuit court abused its discretion in granting defendant's motion to withdraw his plea.  Complaints regarding judicial impropriety are best directed to the Judicial Tenure Commission.

## IV. CONCLUSION

The circuit court made an error of law when it concluded withdrawal of defendant's plea was in the interest of justice without conducting the proper legal analysis.  The trial court therefore abused its discretion in granting defendant's motion to withdraw his plea.  We reverse and remand for entry of defendant's no-contest plea.


/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel