Lester T. **RICHARDSON**, Petitioner,

v.

**Frank ELO, Respondent.**

No. 96–CV–40470–FL.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 18, 1997.

**1102**

Lester T. Richardson, Adrian, MI, pro se.

Arthur E. D'Hondt, Michigan Dept. of Atty. Gen., Habeas Corpus Div., Lansing, MI, for Frank Elo.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

### I. Background

Before the Court is petitioner Jester T. Richardson's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is a state inmate currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan.

On December 7, 1990, petitioner pleaded guilty in Detroit Recorder's Court to two counts of bank robbery, contrary to M.C.L.A. § 750.531; M.S.A. § 28.799. On December 21, 1990, the trial court sentenced petitioner to two concurrent terms of imprisonment for sixteen to forty years.

In May of 1991, petitioner filed a motion to amend the judgment of sentence [1], to correct the presentence report, and for resentencing. Before a hearing on the motion, petitioner's presentence report was updated. Petitioner's original presentence report listed ten prior felony convictions and nineteen prior misdemeanor convictions. The amended presentence report listed six felonies and twenty-one misdemeanors.

Following a hearing on July 15, 1991, the trial court agreed to correct the judgment of sentence. The trial court also ordered that the corrected judgment should be forwarded to the Department of Corrections. The trial court declined to resentence petitioner after

being made aware of the corrected presentence report. The trial court's decision not to resentence petitioner was based on: (1) the fact that the sentencing guideline range was not changed by the corrected presentence information report; (2) a threatening note that petitioner had written during one robbery; (3) the seriousness of the crime; and (4) petitioner's record.

In his appeal of right, petitioner's only argument was that his sentence was excessive under *People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1 (1990). The Michigan Court of Appeals was unpersuaded by petitioner's argument and affirmed petitioner's sentence. *See People v. Richardson*, No. 137501 (Mich.Ct.App. July 31, 1992).

Petitioner subsequently filed a delayed application for leave to appeal in the Michigan Supreme Court. He raised the same claim that he had raised in the Michigan Court of Appeals and an additional claim that his trial attorney had been ineffective. The Michigan Supreme Court denied petitioner's delayed application for leave to appeal. *See People v. Richardson*, 441 Mich. 927, 497 N.W.2d 187 (Mich.1993).

In June of 1993, petitioner filed a motion for relief from judgment. He claimed that he should be resentenced because (1) the trial court had relied on inaccurate information in the presentence report; (2) he was denied the effective assistance of counsel during the plea and sentence proceedings; and (3) his attorney had advised him to reject a plea agreement offered by the prosecutor. On July 1, 1993, the trial court denied petitioner's motion for relief from judgment, and on September 1, 1993, the trial court denied petitioner's motion to modify the earlier order. The trial court's order dated September 1, 1993, reads in relevant part as follows:

> Defendant's motion is hereby **DENIED** because he has failed to show 'good cause' for failing to raise the issues included with said motion on appeal and actual prejudice' resulting from the alleged irregularities

---

**1.** The judgment of sentence erroneously stated that the sentences for the bank robberies were consecutive. Petitioner was on escape status from a correctional center when he committed the bank robberies in this case. The sentences

for the bank robberies were concurrent with each other, but consecutive to the sentence that petitioner was serving when he committed the bank robberies.

that support the claim for relief. **MCR 6.508(D)(3)(a), (b).**

Petitioner appealed the trial court's decisions to the Michigan Court of Appeals where he raised the following questions:

I. WAS DEFENDANT RICHARDSON DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, WHERE HIS ORIGINAL SENTENCE AND SUBSEQUENT RESENTENCING HEARINGS WERE BASED ON THE USE OF INACCURATE INFORMATION OF HIS PRESENTENCE REPORTS?

II. WAS DEFENDANT RICHARDSON DENIED DUE PROCESS OF LAW AND THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, BY THE DEFICIENT PERFORMANCE OF BOTH COURT–APPOINTED TRIAL AND APPELLATE COUNSEL?

III. HAS DEFENDANT RICHARDSON ESTABLISHED AN ENTITLEMENT TO RELIEF FROM THE JUDGMENT OF HIS SENTENCE BY DEMONSTRATING 'GOOD CAUSE' FOR THE FAILURE TO RAISE HIS PRESENT CLAIMS ON DIRECT APPEAL OR IN A PRIOR MOTION AND, 'ACTUAL PREJUDICE' FROM THE ALLEGED IRREGULARITIES IN THIS PROCESS?

The Michigan Court of Appeals denied petitioner's application for leave to appeal because petitioner had failed "to establish grounds for relief from judgment pursuant to MCR 6.508(D)." *People v. Richardson*, No. 177326 (Mich.Ct.App. October 25, 1994). Petitioner raised the same issues quoted above in the Michigan Supreme Court, which denied leave to appeal because petitioner had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Richardson*, 449 Mich. 868, 535 N.W.2d 799 (1995).

On July 15, 1996, petitioner filed the pending habeas corpus petition, in which he raises the following issues:

I. WAS PETITIONER DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, WHERE HIS ORIGINAL SENTENCE AND SUBSEQUENT RESENTENCING HEARINGS WERE BASED ON THE TRIAL COURT'S USE OF INACCURATE INFORMATION OF THE PRESENTENCE REPORTS ASSOCIATED WITH THOSE PROCEEDINGS?

II. WAS PETITIONER DENIED DUE PROCESS OF LAW AND THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY THE DEFICIENT PERFORMANCE OF BOTH COURT–APPOINTED TRIAL AND APPELLATE COUNSEL?

Respondent's sole argument in response is that:

REVIEW OF PETITIONER'S HABEAS CLAIMS IS BARRED BY PETITIONER'S PROCEDURAL DEFAULT OF FAILING TO RAISE THOSE CLAIMS IN HIS APPEAL OF RIGHT, AND THE DECISIONS OF THE STATE COURTS NOT TO REVIEW THOSE CLAIMS, BECAUSE OF THAT DEFAULT AND PETITIONER'S FAILURE TO ESTABLISH ENTITLEMENT TO RELIEF.

## II. Discussion

### A. State procedural default

The doctrine of procedural default provides that:

[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). In other words, a state procedural default bars consideration of a federal claim on habeas review if the last state court rendering a judgment in the case clearly and expressly stated that its judgment rested on a state procedural bar. *Harris v. Reed*, 489 U.S.

255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).[2]

■ Because petitioner failed to raise his claims in his appeal of right, his claims are procedurally defaulted under the Michigan Court Rules. *See* M.C.R. 6.508(D)(3).[3] Moreover, the last three state courts to review petitioner's claims denied relief because of petitioner's procedural default. Both the Michigan Supreme Court and the Michigan Court of Appeals denied leave to appeal pursuant to M.C.R. 6.508(D). *See People v. Richardson,* 449 Mich. 868, 535 N.W.2d 799 (Mich.1995); *People v. Richardson,* No. 177326 (Mich.Ct.App. October 25, 1994).

■ The trial court expressly relied on M.C.R. 6.508(D)(3) in its order dated September 1, 1993. Specifically, the trial court denied relief because petitioner had failed to raise his claims on appeal and because he had failed to show "good cause" and "actual prejudice." The state courts' reliance on M.C.R. 6.508(D) was an adequate and independent state ground for denying relief. *See People v. Reed,* 449 Mich. 375, 379–80, 535 N.W.2d 496 (1995) (noting that M.C.R. 6.508 serves important state interests and that the paramount goal of M.C.R. 6.508 is to promote finality of judgments).

Accordingly, petitioner must show cause for his procedural default of failing to raise his claims on appeal and actual prejudice as a result of the alleged violations of federal law. *Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2565; *Harris v. Reed,* 489 U.S. at 262, 109 S.Ct. at 1043. Alternatively, petitioner must show that failure to consider his claims will result in a miscarriage of justice. *Id.*

## B. *"Cause"*

■ Petitioner alleges that his attorneys' failure to review the presentence report with him and to challenge the presentence report is cause for his failure to object to the presentence report on direct apppeal. Ineffective assistance of counsel is cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). To demonstrate ineffective assistance of counsel in the context of a guilty plea, petitioner must show that defense counsel's performance was deficient and that the deficient performance caused petitioner to reach a different decision regarding his plea. *Nagi v. United States,* 90 F.3d 130, 134–35 (6th Cir.1996) (citations and footnote omitted), *cert. denied,* —— U.S. ——, 117 S.Ct. 994, 136 L.Ed.2d 875 (1997).

2. This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), because petitioner filed his petition after April 24, 1996. *Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). The substantive changes in 28 U.S.C. § 2254(d) made by the AEDPA did not change the procedural default rules. *Moleterno v. Nelson,* 114 F.3d 629, 633–34 (7th Cir.1997); *see Breard v. Netherland,* 949 F.Supp. 1255, 1262–63 (E.D.Va.1996) (concluding that the AEDPA's stronger finality rules on habeas review of capital cases "in no way suggests Congress' intent to eviscerate the procedural default rules applicable in all other habeas petitions.").

3. M.C.R. 6.508(D)(3) reads in relevant part as follows:

(D) **Entitlement to Relief.** The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
. . . .
(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or

in a prior motion under this subchapter, unless the defendant demonstrates
(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, 'actual prejudice' means that,
. . . .
(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
(iv) in the case of a challenge to the sentence, the sentence is invalid.
The court may waive the 'good cause' requirement of subrule (D)(3)(A) if it concludes that there is a significant possibility that the defendant is innocent of the crime.
M.C.R. 6.508(D)(3) (effective October 1, 1989).

Petitioner's trial attorney stated at petitioner's sentencing that he had reviewed the presentence report with petitioner and that they had no additions or corrections to offer. P & ST at 17.[4] Petitioner had no comment when the trial judge subsequently asked petitioner if he had anything to say. P & ST at 18.

■ Petitioner's appellate attorney subsequently was able to reduce the number of felonies in the presentence report from ten to six. MR at 5–6.[5] Moreover, petitioner had no *per se* constitutional right to have his appellate attorney raise every nonfrivolous issue on appeal. *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985); *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983). Tactical choices about which issues to raise on appeal "are properly left to the sound professional judgment of counsel...." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.), *cert. denied*, 498 U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990). The Court concludes that the defense attorneys' performances were not deficient and therefore cannot be cause for petitioner's failure to raise his challenge to the presentence report in his appeal of right.

### C. "Actual prejudice"

■ Nor has petitioner shown actual prejudice as a result of the alleged violations of federal law. Petitioner's first claim is that the trial court relied on inaccurate information. Petitioner has not submitted proof that any of his previous convictions were unconstitutional or that the trial court relied on material misinformation. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948).

■ Petitioner's second claim alleges ineffective assistance of trial and appellate counsel. Petitioner contends that his trial attorney failed to review the presentence report

with him and failed to object to inaccuracies in the report. As explained above, petitioner's trial attorney stated that he had reviewed the presentence report with petitioner and that they had no suggested changes to make in the report.

Petitioner also contends that his trial attorney mislead him into believing that he would receive a more lenient sentence if he pleaded guilty before the trial judge in this case. At the plea, however, petitioner stated that there were no deals or arrangements regarding the outcome of this case. P & ST at 8.[6] Petitioner also stated at the plea that: (1) he understood his attorney's advice and explanation of the charges; (2) he was satisfied with his attorney's representation and advice; and (3) he understood that the trial court could incarcerate him for the rest of his life as a result of the plea. P & ST at 4, 6.

Petitioner asserts that his appellate attorney should have included the pending claims in petitioner's appeal of right. Petitioner has not shown that the trial court relied on material misinformation or that his trial attorney's performance was deficient. Therefore, petitioner's appellate attorney was not remiss for failing on appeal to challenge the presentence report and trial counsel's performance. For all the above reasons, the Court concludes that petitioner has failed to establish actual prejudice as a result of the alleged violations of federal law.

### D. "Miscarriage of justice"

■ The Court may consider a petitioner's defaulted claims if the petitioner demonstrates that a miscarriage of justice would result from failure to address the merits of the claims. The miscarriage-of-justice exception applies when a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865–66, 130 L.Ed.2d 808 (1995); *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649–50.

---

**4.** "P & ST" refers to the combined transcript of the plea and sentence proceedings.

**5.** "MR" refers to the transcript of the hearing on petitioner's motion to amend the judgment of sentence, to correct the presentence report, and for resentencing.

**6.** The lack of a plea agreement was verified at the hearing on petitioner's motion to amend the judgment, to correct the presentence report, and for resentencing. *See* MR at 3.

Petitioner stated at his plea that he wanted to plead guilty, that he was guilty, and that his plea was free and voluntary. P & ST at 8. He offered a factual basis for his plea, and he said that he was not forced or threatened to plead guilty. P & ST at 8–14. Consequently, there is no basis for concluding that petitioner is actually innocent.

### III. Conclusion

Petitioner committed a state procedural default by failing to raise his claims in his appeal of right. The last three state courts to review petitioner's claims relied on petitioner's state procedural default to deny relief. Petitioner has not demonstrated cause for his procedural default and actual prejudice from the alleged violations of federal law. Nor has he shown that he is actually innocent. The Court therefore is barred from considering petitioner's claims on the merits. Accordingly, the Court **DISMISSES** the habeas corpus petition.

### JUDGMENT

This matter having come before the Court on a petition under 28 U.S.C. § 2254, United States District Judge PAUL V. GADOLA presiding, and pursuant to the memorandum opinion and order entered on August 15th, 1997, the Court **DISMISSES** the habeas petition.