STATE OF NORTH CAROLINA v. DARLENE ANDERSON GOFORTH

No. COA97-1456

(Filed 18 August 1998)

**Constitutional Law, Federal— assistance of counsel—advice on pleading guilty**

A defendant in a prosecution for forgery and uttering could not show that she was deprived of the effective assistance of counsel where her counsel erroneously informed her that she could appeal her sentence to superior court after a guilty plea in district court. Trial counsel's misadvice was deficient within the first prong of the test in *Strictland v. Washington*, 466 US 668, but defendant could not show prejudice because the record shows that two eyewitnesses saw defendant pass three of the forged checks and defendant made a statement to officers admitting passing the fourth.

Appeal by defendant from judgments entered 16 July 1997 by Judge Edgar B. Gregory in Wilkes County District Court. Heard in the Court of Appeals 27 July 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Tina A. Krasner, for the State.*

*John W. Gambill for defendant-appellant.*

WYNN, Judge.

The State of North Carolina charged Darlene Anderson Goforth with four counts of forgery and uttering. Subsequently, Goforth pled guilty and signed a transcript of plea, certifying that her plea was understandingly and voluntarily entered. The trial court accepted her plea, entered judgments and sentenced her to two consecutive six to eight month sentences. She appeals to this Court.

Goforth presents but one assignment of error by which she argues that she was deprived of her constitutional right to effective

assistance of counsel when her counsel erroneously informed her that she could appeal her sentence to superior court. Thus, she argues, the judgment of the trial court should be vacated. We disagree.

Our courts have not yet decided the specific issue of whether erroneous advice concerning the appealability of one's sentence can amount to ineffective assistance of counsel. We do so today.

We find guidance from several cases from the Fourth Circuit Court of Appeals in which erroneous advice as to other matters have been found to constitute ineffective assistance of counsel. *See Strader v. Garrison*, 611 F.2d 61, 65 (4th Cir. 1979) (regarding misinformation about defendant's parole eligibility); *Ostrander v. Green*, 46 F.3d 347 (4th Cir. 1995) (regarding misinformation about defendant's eligibility for work release); *United States v. Foster*, 68 F.3d 86 (4th Cir. 1995) (regarding misinformation about defendant's sentencing status). In each of these cases, the Fourth Circuit Court of Appeals employed the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 674, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984), and *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985), to reach a decision on the merits of the claims for ineffective assistance of counsel.

A defendant who alleges that ineffective assistance of counsel caused her to enter a guilty plea must show that defense counsel's conduct fell below an objective standard of reasonableness. *Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248. To make such a showing, the defendant must satisfy the two-prong test announced by the United States Supreme Court in *Strickland* and adopted by our Supreme Court in *Braswell*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Braswell*, 312 N.C. at 562, 324 S.E.2d at 248 (quoting *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693). To satisfy the second or "prejudice" requirement in the context of a guilty plea, the Supreme Court

emphasized that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhardt*, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 210 (1985). "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Baker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *United States v. Arvanitis*, 902 F.2d 489, 494) (7th Cir. 1990), *cert. denied*, 510 U.S. 1099, 127 L. Ed. 2d 229 (1994)).

Generally, an attorney is not required to advise his client of the myriad "collateral consequences" of pleading guilty. *United States v. McHan*, 920 F.2d 244, 247 (4th Cir. 1990). However, in instances where the client asks for advice about a "collateral consequence" and relies upon it in making the decision about whether to plead guilty, the attorney must not grossly misinform his client about the law. *Strader*, 611 F.2d 61. The Fourth Circuit Court of Appeal stated in *Strader*:

> When the misadvice of the lawyer is so gross as to amount to a denial of the constitutional right to the effective assistance of counsel, leading the defendant to enter an improvident plea, striking the sentence and permitting a withdrawal of the plea seems only a necessary consequence of the deprivation of the right to counsel. Deprivation of the constitutional right cannot be left unredressed.

*Id.* at 65.

In the instant case, we hold that trial counsel's misadvice about the appealability of defendant's sentence to the superior court was deficient within the meaning of the first prong of the two-part *Strickland* test. Having so determined, we must now consider whether defendant can show the necessary prejudice to meet the second prong of the *Strickland* test.

As our Supreme Court stated in *State v. Milano*, "an ineffective representation claim is normally raised in post-conviction proceedings, where the defendant may be granted a hearing on the matter with the opportunity to introduce evidence. When the assertion is made before an appellate court on direct review of a criminal conviction, however, that court is necessarily bound by the record of the trial proceedings below." 297 N.C. 485, 496, 256 S.E.2d 154, 160 (1979), *overruled on other grounds, State v. Grier*, 307 N.C. 628, 300 S.E.2d 351 (1983); *see also State v. Vickers*, 306 N.C. 90, 291 S.E.2d 599 (1982).

The record of the trial proceedings in this case show that two eye witnesses saw Goforth pass three of the forged checks. Moreover, Goforth made a statement to police officers, admitting to passing a fourth forged check. Accordingly, on this record, the evidence shows convincingly that Goforth cannot make the proper showing of prejudice under the two-part test in *Strickland* and *Braswell.* She fails utterly to allege or show that there is a reasonable probability that, but for the misadvice of counsel, she would not have entered a guilty plea, and would have proceeded to a trial on the merits in this case.

Because Goforth cannot show that she was prejudiced by counsel's misadvice as to the appealability of this matter, we affirm the judgment of the trial court.

Affirmed.

Chief Judge EAGLES and MARTIN, Mark D., concur.