Kermit Eldridge HAYNES, Petitioner,

v.

Luella BURKE, Respondent.

No. 98–CV–73406–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 31, 2000.

Susan M. Meinberg, Marla R. McCowan, Michigan State Appellate Defender Office, Detroit, MI, for Petitioner.

Kermit Eldridge Haynes, Freeland, MI, pro se.

Thomas M. Chambers, Wayne County Prosecutor's Office, Detroit, MI, for Respondent.

### OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

HOOD, District Judge.

Kermit Eldridge Haynes, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through Susan M. Meinberg and Marla R. McCowan of the Michigan State Appellate Defender Office, petitioner challenges his conviction and sentence on one count of first degree felony murder, M.C.L.A. 750.316; M.S.A. 28.548, and one count of assault with intent to commit robbery while armed, M.C.L.A. 750.89; M.S.A. 28.284. For the reasons stated below, the petition for writ of habeas corpus is **CONDITIONALLY GRANTED.**

### I. *BACKGROUND*

Petitioner was involved with several other defendants in the robbery and shooting death of Benjamin Gravel in Detroit, Michigan on February 8, 1990.[1] Although petitioner was sixteen years old at the time of the murder, he was charged as an adult under Michigan's automatic waiver statute. *See* M.C.L.A. 769.1; M.S.A. 28.1072.

On March 27, 1990, petitioner pleaded guilty as charged to first degree murder, assault with intent to commit robbery while armed, and to felony-firearm in front of Judge Dalton A. Roberson of the Detroit Recorder's Court.[2] At the time of the plea, petitioner's attorney, Wilfred C. Rice indicated on the record that he had spoken with petitioner and his family at length about the matter before the court. Rice also indicated that he had explained to petitioner all of the possible punishments that were involved with the charges, including the fact that petitioner could be sentenced as an adult to natural life [imprisonment] without parole. The trial court advised petitioner that the assistant prosecutor was requesting an evidentiary hearing to convince the court to sentence petitioner as an adult. Mr. Rice responded by indicating to the court that he had explained to petitioner that the trial court had the discretion to sentence petitioner as an adult or as a juvenile. The court then

---

1. One of petitioner's co-defendants has a pending habeas case involving the same issue before this Court. *Cortez Miller v. Dennis Straub,* U.S.D.C. 98–74655.

2. The felony-firearm conviction was later vacated by the Michigan Court of Appeals.

indicated on the record that if petitioner was sentenced as an adult, "he has no hope". Rice, however, indicated that petitioner wanted to take that chance.

The prosecuting attorney, Marc Hart, indicated his concern that if the court accepted a guilty plea to first degree murder, and then sentenced petitioner as an adult, the plea would be reversed by an appellate court for being ineffective. When asked by the court why he thought that, Hart replied: "I don't think you can responsibly plead somebody to first degree murder". The trial court, however, permitted petitioner to plead guilty to the charges.

On August 28, 1991, following a lengthy disposition hearing conducted pursuant to M.C.L.A. 769.1(3); M.S.A. 28.1072(3), petitioner was sentenced as a juvenile by the trial court and was committed to the Michigan Department of Social Services, to be confined until his twenty first birthday.

The prosecutor appealed the sentence to the Michigan Court of Appeals, which reversed the trial court's sentence and ordered that petitioner be re-sentenced as an adult to life imprisonment without parole. *People v. Haynes*, 199 Mich.App. 593, 502 N.W.2d 758; 199 Mich.App. 593, 502 N.W.2d 758 (1993) (Murphy, J. dissenting); *Lv. den.* 445 Mich. 855, 519 N.W.2d 842 (1994).

Prior to the re-sentencing, petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500 *et. seq.*, which he later withdrew and re-filed as a motion to withdraw the guilty plea. The trial court scheduled an evidentiary hearing on petitioner's motion, which was to be heard prior to the re-sentencing. The prosecutor appealed the decision to conduct an evidentiary hearing prior to the re-sentencing. On December 7, 1994, the Michigan Supreme Court issued an order that petitioner be sentenced forthwith as an adult without prejudice to a subsequent consideration of his motion to withdraw his plea of guilty. *See People v. Haynes*, 447 Mich. 1021, 527 N.W.2d 512; 447 Mich. 1021, 527 N.W.2d 512 (1994). On December 17,

1994, petitioner was sentenced as an adult to life imprisonment without parole.

An evidentiary hearing was conducted on petitioner's motion to vacate his guilty plea on April 13, 1995. Because petitioner's counsel Wilfred C. Rice was deceased by the time of the evidentiary hearing, petitioner was the only witness. At the hearing, petitioner testified that he was sixteen years old and in ninth grade at the time of the proceedings. Petitioner said the decision to plead guilty was made after only two short visits with his attorney. Petitioner claimed that he did not understand the nature of the charges or the consequences of the guilty plea and testified that Rice never discussed the elements of the charges or any lesser offenses with him. Petitioner claimed that there were no discussions of possible defenses to the crime nor did counsel ever consider moving to suppress petitioner's confession to the Detroit police. Petitioner indicated that he only admitted to shooting at the victim's car because his attorney told him to say that in order to get the trial court to accept his plea. Petitioner further claimed that he did not understand that life imprisonment was a very real possibility, testifying that from his discussions with counsel, he was under the impression that he would only receive five to twenty years in prison. Petitioner lastly testified that Rice never informed him that the prosecutor could appeal any juvenile sentence. Petitioner indicated that if he had known that the prosecutor could appeal any juvenile sentence, he would never have pleaded guilty to first degree murder.

On October 24, 1995, the trial court issued an opinion and order permitting petitioner to withdraw his plea of guilty. In so ruling, the trial court noted that trial counsel advised petitioner to plead guilty without giving consideration to the prosecutor's appeal rights. The trial court also noted that petitioner was sixteen years old and in ninth grade at the time of the proceedings and claimed his innocence to

the offense. The trial court further found that defense counsel's performance, which suggested promises of leniency or incorrect statements of law, was ineffective because petitioner was never informed that the prosecutor could appeal his sentencing as a juvenile. Finding the plea to have been involuntarily made as the result of counsel's defective performance, the trial court permitted the plea to be withdrawn. *People v. Haynes*, Detroit Recorder's Court # 90–2571, Opinion and Order dated October 24, 1995.

The prosecuting attorney appealed the trial court's decision to the Michigan Court of Appeals. In a consolidated appeal involving several automatically waived juveniles, including petitioner's co-defendant Cortez Miller, the Michigan Court of Appeals reversed the trial court's decision and re-instated the conviction. In so doing, the Michigan Court of Appeals concluded that trial counsel's failure to inform petitioner that the prosecution could appeal the trial court's decision to sentence petitioner as a juvenile did not constitute ineffective assistance of counsel. *People v. Haynes*, 221 Mich.App. 551, 562 N.W.2d 241; 221 Mich.App. 551, 562 N.W.2d 241 (1997); *Lv. den.* 456 Mich. 945, 575 N.W.2d 561 (1998).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

I. PETITIONER PLED GUILTY TO FIRST DEGREE MURDER UNKNOWINGLY, INVOLUNTARILY, AND UNINTELLIGENTLY AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL.

## II. *STANDARD OF REVIEW*

The provisions of the Antiterrorism and Effective Death Penalty Act "A.E.D.P.A.", Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 26, 1996) govern this case because Petitioner filed his habeas application after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The Act altered the standard of review that a federal court must use when reviewing applications for writs of habeas corpus. 28 U.S.C. § 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir.1997).

A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless convincing evidence is offered to rebut this presumption. 28 U.S.C. § 2254(e)(1).

With respect to the "contrary to" clause, there are two situations in which a state court decision will be contrary to clearly established federal law. First, a state court decision will clearly be contrary to the Supreme Court's clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. Second, a state-court decision would also be contrary to the Supreme Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from the Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519–1520, 146 L.Ed.2d 389 (2000). On the other hand, a

"run-of-the-mill state-court decision" which applied the correct legal rule from the Supreme Court's cases to the facts of a petitioner's cases would not fit comfortably within the "contrary to" clause in § 2254(d)(1). *Id.* at 1520. These cases should be reviewed under the "unreasonable application" language of § 2254(d)(1).

A federal habeas court making the "unreasonable application" inquiry must ask whether the state court's application of clearly established federal law was objectively unreasonable. *Williams v. Taylor,* 529 U.S. at ——, 120 S.Ct. at 1521. Although the term unreasonable is difficult to define, it is a common term in the legal world, and federal judges are familiar with its meaning. An unreasonable application of federal law is different from an incorrect application of federal law. Thus, a federal habeas court may not issue a writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. *Id.* at 1522.

■■■ Finally, the term "clearly established federal law" refers to the holdings as opposed to the dicta of the U.S. Supreme Court's decisions at the time of the relevant state court decisions. *Williams v. Taylor,* 529 U.S. at ——, 120 S.Ct. at 1523. With the AEDPA, Congress limited the source of law for federal habeas relief to cases decided by the U.S. Supreme Court. *Herbert v. Billy,* 160 F.3d 1131, 1135 (6th Cir.1998). However, to the extent that lower or inferior federal courts have decided factually similar cases, references to these decisions by a federal habeas court is appropriate or relevant in determining whether the state court's application of U.S. Supreme Court law was reasonable or unreasonable. *Hull v. Kyler,* 190 F.3d 88, 104 (3rd Cir. 1999); *Atley v. Ault,* 191 F.3d 865, 871 (8th Cir.1999); *O'Brien v. Dubois,* 145 F.3d 16, 25 (1st Cir.1998); *Keller v. Larkins,* 89 F.Supp.2d 593, 599 (E.D.Pa.2000);

*United States ex. rel. Gooch v. McVicar,* 953 F.Supp. 1001, 1006 (N.D.Ill.1997).

## III. *DISCUSSION*

■■■ An ineffective assistance of counsel claim presents a mixed question of law and fact and is subject to *de novo* review. *Combs v. Coyle,* 205 F.3d 269, 278 (6th Cir.2000); *Groseclose v. Bell,* 130 F.3d 1161, 1164 (6th Cir.1997). Because an ineffective assistance of counsel claim is a mixed question of law and fact, it is not subject to the statutory presumption of correctness attending state court findings of fact. *Sims v. Livesay,* 970 F.2d 1575, 1579 (6th Cir.1992).

■■■ To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must demonstrate that, considering all of the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he or she was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 669, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of counsel's performance must be highly deferential. Courts presume that an attorney is competent and the burden rests upon the defendant to show a constitutional violation. *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). A strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir.1994). Petitioner must also overcome the presumption that under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. 668 at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■■■ In claiming ineffective assistance of counsel in the context of a guilty plea, a defendant must show that his or her counsel's performance was deficient and that

the deficient performance caused the defendant to reach a different decision regarding his or her plea of guilty. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Nagi v. United States,* 90 F.3d 130, 134–135 (6th Cir.1996); *O'Hara v. Wigginton,* 24 F.3d at 828; *Richardson v. Elo,* 974 F.Supp. 1100, 1104 (E.D.Mich.1997) (Gadola, J.). Therefore, to satisfy the 'prejudice' prong of the standard for evaluating ineffective assistance of counsel claims under *Strickland* in the context of a guilty plea, the defendant must show that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. 366; *See also Warner v. United States,* 975 F.2d 1207, 1214 (6th Cir.1992) (prejudice is proven if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pleaded guilty).

■ In the present case, the Michigan Court of Appeals determined that trial counsel was not ineffective for failing to advise petitioner that the prosecutor could appeal any juvenile sentence imposed by the trial court. Because petitioner's attorney was deceased at the time of the evidentiary hearing, the Michigan Court of Appeals assumed for purposes of appeal that defense counsel did not inform petitioner that the prosecutor could appeal the trial court's sentencing decision. However, the Michigan Court of Appeals noted that petitioner was made aware at the time he pleaded guilty to the first degree murder charge that he faced a mandatory sentence of life imprisonment without parole if sentenced as an adult. The Michigan Court of Appeals concluded that petitioner understood the consequences of pleading guilty to first degree murder and that counsel was not ineffective for failing to advise petitioner that the prosecuting attorney could appeal any juvenile sentence imposed by the court. *People v. Haynes,* 221 Mich.App. at 561–562, 562 N.W.2d 241.

In reviewing this case *de novo,* this Court concludes that the Michigan Court of Appeals' determination that petitioner received effective assistance of counsel when he pleaded guilty was an unreasonable application of the standards enunciated in *Strickland v. Washington and Hill v. Lockhart.* Trial counsel's failure to discuss with petitioner the fact that the prosecutor could appeal the imposition of a juvenile sentence to a higher court and have it overturned amounted to ineffective assistance of counsel and rendered petitioner's plea involuntary.

In *Wogan v. United States,* 846 F.Supp. 135, 140–143 (D.Me.1994), the district court found that defense counsel rendered ineffective assistance of counsel by advising petitioner to waive his right to testify at a sentencing hearing to challenge the amounts of heroin used to score petitioner's relevant conduct under the federal sentencing guidelines, because counsel failed to inform petitioner that the government could appeal the district court's downward departure sentence and obtain a re-sentencing involving a higher amount of heroin used to determine the relevant conduct for determining petitioner's sentencing guidelines range.

Similarly, in *State v. Goforth,* 130 N.C.App. 603, 503 S.E.2d 676, 678 (N.C.App.1998), the North Carolina Court of Appeals held that a trial counsel's misadvice about the appealability of a defendant's sentence was deficient within the meaning of the first prong of the two-part *Strickland* test. Although *Goforth* involved incorrect advice given by a defense attorney about the defendant's ability to appeal her sentence to a higher court, this Court believes that the holding in that case can be extended to this situation where petitioner's attorney failed to advise petitioner that the Wayne County Prosecutor could appeal any juvenile sentence imposed by the trial court. Under the circumstances, this Court concludes that counsel's lack of advice on the appealability of petitioner's sentence by the prosecuting attorney amounted to deficient performance within the meaning of the

*Strickland* standard for ineffective assistance of counsel.

In reversing the trial court, the Michigan Court of Appeals also ignored petitioner's age and educational level in determining whether his plea had been entered into voluntarily. The determination of whether a defendant's guilty plea was voluntarily and intelligently made must be based upon a comprehensive examination of the totality of the circumstances, rather than any particular record inquiry. *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir.1984). Because petitioner was sixteen years old and was in the ninth grade when he pleaded guilty, this Court concludes that petitioner's trial counsel had a "particularly stringent duty" to make certain that petitioner understood the charges that he was pleading guilty to, as well as the consequences of the plea. *Rinehart v. Brewer,* 561 F.2d 126, 130 (8th Cir.1977). This would include advising petitioner that under Michigan law, the prosecutor could appeal a juvenile sentence with the very real possibility, as occurred here, that an appellate court would reverse the juvenile disposition leaving the trial court with the sole option of imposing a mandatory sentence of life imprisonment without parole.

In light of the nature of the adult penalties here, this Court concludes that trial counsel's performance was deficient within the meaning of the *Strickland* standard where he failed to advise petitioner that the prosecutor could appeal a juvenile sentence to a Michigan appellate court with the very real possibility that a higher court would order petitioner resentenced as an adult. Because of petitioner's young age, petitioner was particularly reliant on his attorney's advice to plead guilty to the offenses in this case. In light of what amounted to extraordinary advice by counsel that petitioner plead guilty to an offense which carried a mandatory sentence of life imprisonment without parole, counsel had a duty both to consider and to advise petitioner of the prosecutor's right to appeal any sentence to the Michigan appellate courts, with the possibility that petitioner's juvenile sentence would be overturned on appeal and he would then have to serve a nonparolable life sentence.

This Court concludes that petitioner has demonstrated that his trial counsel was deficient. Petitioner has also satisfied the "prejudice" prong of the *Hill v. Lockhart* standard. Petitioner testified that had he known that the trial court's juvenile sentence was not a final disposition but could be appealed to a higher court, he would not have pleaded guilty. In light of the fact that petitioner pleaded guilty to an offense which normally carries a mandatory nonparolable life sentence, he has shown a reasonable probability that had he known that the prosecutor could appeal the imposition of a juvenile sentence, thus leaving the trial court with only the severest sentencing option available in the State of Michigan, he would not have pleaded guilty.

This Court determines that because of the ineffective assistance of counsel, petitioner's plea of guilty was not made knowingly or voluntarily. A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution,* 927 F.2d 256, 257 (6th Cir. 1991). Because petitioner was never informed that one of the relevant circumstances of plea of guilty to a first degree murder charge, which was done with the hope of receiving a juvenile sentence, could be the prosecutor appealing such a juvenile sentence, this Court concludes that petitioner's plea of guilty was involuntarily made, particularly in light of petitioner's young age at the time of the plea. The Court will therefore conditionally grant a writ of habeas corpus, ordering the State of Michigan to either take action to afford petitioner a new trial within one hundred and twenty (120) days of the date of this order or release petitioner. *Hart,* 927 F.2d at 259. Further, in light of this Court's finding that counsel was ineffective

in failing to advise petitioner of the prosecutor's right to appeal, it is unnecessary to address petitioner's remaining claims concerning the involuntariness of his guilty plea and this Court declines to do so. *See French v. Jones*, 41 F.Supp.2d 726, 735 (E.D.Mich.1999) (Tarnow, J.); *Berrier v. Egeler*, 428 F.Supp. 750, 754 (E.D.Mich. 1976) (Feikens, J.).

## IV. ORDER

**IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. UNLESS THE STATE TAKES ACTION TO AFFORD PETITIONER A NEW TRIAL WITHIN ONE HUNDRED AND TWENTY (120) DAYS OF THE DATE OF THIS OPINION, HE MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.**