PEOPLE v KOTESKY

Docket No. 125599. Submitted April 9, 1991, at Grand Rapids. Decided July 22, 1991, at 9:05 A.M.

Kristine Kotesky pleaded guilty in the Barry Circuit Court, Richard M. Shuster, J., of attempted uttering and publishing as a result of negotiating a forged and stolen MasterCard check. The defendant appealed, claiming that she should have been charged under the statute proscribing uttering and publishing a false financial transaction device, instead of the general uttering and publishing statute.

The Court of Appeals *held:*

When two statutes encompass the same subject matter, one being general and the other specific, the latter controls. In this case, the uttering and publishing statute specifically governing financial transaction devices does not apply because the statutory definition of "financial transaction device" excludes a paper instrument that, like the MasterCard check in this case, is used as the sole means of access to a credit account. Thus, the prosecution did not abuse its discretion in charging the defendant under the general uttering and publishing statute.

Affirmed.

Fraud — Uttering and Publishing.

A paper instrument used as the sole means of access to a credit account is not a financial transaction device for purposes of the statute that proscribes the uttering and publishing of false financial transaction devices; a person who forges and negotiates such a paper instrument properly may be charged and convicted under the general uttering and publishing statute (MCL 750.157m[f], 750.248a, 750.249; MSA 28.354[13][f], 28.445[1], 28.446).

*Frank J. Kelley,* Attorney General, *Gay Secor*

References

Am Jur 2d, Fraud and Deceit § 142; Forgery § 20; Letters of Credit, and Credit Cards § 40.

See the Index to Annotations under Checks and Drafts; Credit Cards; Forgery; Fraud and Deceit; Uttering and Passing.

*Hardy,* Solicitor General, *Dale A. Crowley,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*Beverly J. Clark,* for the defendant on appeal.

Before: JANSEN, P.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. Defendant pleaded guilty of attempted uttering and publishing, MCL 750.92; MSA 28.287; MCL 750.249; MSA 28.446, and was sentenced to two years' probation, with the first nine months to be served in jail. Defendant appeals as of right, arguing that she should have been charged under a more specific statute and that her conviction therefore is invalid. We disagree.

We initially note that assertions that a charge is brought under an inapplicable statute are not waived by a plea of guilty. *People v New,* 427 Mich 482, 492; 398 NW2d 358 (1986); *People v Beckner,* 92 Mich App 166; 285 NW2d 52 (1979).

It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. See *People v Ford,* 417 Mich 66, 79; 331 NW2d 878 (1982). However, the two statutes alleged by defendant to apply in this case do not encompass the same subject matter.

Defendant was convicted of uttering and publishing a forged MasterCard check stolen from her stepfather. She contends that the check was a "financial transaction device" and that she therefore should have been charged under the statute prohibiting the uttering and publishing of such devices, MCL 750.248a; MSA 28.445(1), not under

the general uttering and publishing statute, MCL 750.249; MSA 28.446.

A "financial transaction device" is defined under MCL 750.157m(f); MSA 28.354(13)(f) as:

> (i) An electronic funds transfer card.
> (ii) A credit card.
> (iii) A debit card.
> (iv) A point-of-sale card.
> (v) Any instrument, device, card, plate, code, account number, personal identification number, or a record or copy of a code, account number, or personal identification number or other means of access to a credit account or deposit account, or a driver's license or state identification card used to access a proprietary account, *other than access originated solely by a paper instrument,* that can be used alone or in conjunction with another access device, for any of the following purposes:
> (A) Obtaining money, cash refund or credit account credit, goods, services, or any other thing of value. [Emphasis added.]

In this case, no evidence was offered concerning the nature or character of the MasterCard check. But even assuming that the MasterCard check was a means of access to a credit account, it is clear that access originated solely by a paper instrument, the check. Accordingly, the facts of this case would not support a conviction under MCL 750.248a; MSA 28.445(1). The prosecution did not abuse its discretion in prosecuting defendant under the general uttering and publishing statute.

Affirmed.