PEOPLE v JOHNSON

Docket No. 167568. Submitted August 2, 1994, at Lansing. Decided
October 17, 1994, at 9:05 A.M.

Ronald C. Johnson pleaded guilty in the Hillsdale Circuit Court,
Harvey W. Moes, J., of larceny over $100 and of being a third-
offense habitual offender. The defendant also pleaded guilty of
absconding while on bond and of being a third-offense habitual
offender. The defendant appealed.

The Court of Appeals *held:*

1. The statute governing retail fraud in the first degree, MCL
750.356c; MSA 28.588(3), provides in part that a person who,
like the defendant, steals from a store that is open to the public
property of the store offered for sale at a price of more than
$100 is guilty of retail fraud in the first degree and may not be
prosecuted for larceny over $100. The prosecution was without
discretion to charge the defendant with larceny over $100. The
defendant's conviction of larceny over $100 as a third-offense
habitual offender must be reversed.

2. Because the defendant did not challenge his conviction of
absconding while on bond, that conviction must be affirmed.

Affirmed in part, reversed in part, and remanded.

LARCENY — RETAIL FRAUD IN THE FIRST DEGREE — LARCENY OVER
$100.

A person who steals from a store that is open to the public
property of the store offered for sale at a price of more than
$100 commits retail fraud in the first degree, and cannot be
prosecuted for larceny over $100 (MCL 750.356, 750.356c; MSA
28.588, 28.588[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

*William Metros,* for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Cavanagh and M. J. Shamo,* JJ.

Per Curiam. In exchange for the dismissal of charges of conspiracy to commit larceny over $100 and of being a fourth-offense habitual offender, defendant pleaded guilty of larceny over $100, MCL 750.356; MSA 28.588, and of being a third-offense habitual offender, MCL 769.11; MSA 28.1083. In a separate lower court file, also pursuant to a plea agreement, defendant pleaded guilty of absconding while on bond, MCL 750.199a; MSA 28.396(1), and of being a third-offense habitual offender. Defendant was sentenced to consecutive prison terms of three to ten years for the larceny and two years and eight months to eight years for absconding while on bond. Defendant appeals as of right. We affirm in part and reverse in part.

On appeal, defendant contends that his conviction of larceny should be reversed because it was error to prosecute him for larceny where the factual basis for the plea indicated that he had committed first-degree retail fraud. We agree.

First, we note that defendant apparently has not moved in the trial court to withdraw the plea pursuant to MCR 6.311(C). Nonetheless, because this appeal involves a jurisdictional issue that requires no further development of the record, and in the interest of justice, we will review the issue raised. See *People v New,* 427 Mich 482; 398 NW2d 358 (1986).

A plea of guilty waives all defenses and rights that relate solely to the capacity of the state to prove the defendant's factual guilt. *Id.* at 491. However, defenses and rights raised on appeal that would preclude the state from obtaining a

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

valid conviction against the defendant, i.e., that implicate the very authority of the state to bring a defendant to trial, are not waived by a guilty plea. *Id.* Such a defense may be established where a defendant is charged under the wrong statute. *Id.* at 492; *People v Kotesky,* 190 Mich App 330, 331; 475 NW2d 473 (1991).

The statute governing first-degree retail fraud, MCL 750.356c; MSA 28.588(3), explicitly supersedes the larceny statute where the elements of retail fraud are established. The statute provides:

> (1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the first degree, a felony punishable by imprisonment for not more than 2 years, or a fine of not more than $1,000.00, or both:
>
> \* \* \*
>
> (b) While a store is open to the public, steals property of the store that is offered for sale at a price of more than $100.00.
>
> \* \* \*
>
> (3) A person who commits the crime of retail fraud in the first degree *shall not be prosecuted under the felony provision of section 356* [MCL 750.356; MSA 28.588], or under section 218 or 360. [Emphasis added.]

Under the statute, the prosecutor was without discretion to charge defendant with larceny over $100 where defendant appeared to have committed first-degree retail fraud. See *People v Odendahl,* 200 Mich App 539, 542; 505 NW2d 16 (1993); see also *People v Vannoy,* 106 Mich App 404; 308 NW2d 233 (1981), rev'd 417 Mich 946 (1983). Accordingly, defendant's conviction of larceny as a third-offense habitual offender must be reversed. (Defendant has not addressed the propriety of the conviction of absconding while on bond, which we

affirm.) Our decision does not preclude the prosecutor from reinstituting appropriate charges against defendant consistent with the Double Jeopardy Clause.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.