*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KENYATTA LAMAR WEAVER,

      Defendant-Appellant.

UNPUBLISHED
June 03, 2025
2:42 PM

No. 369221
Kent Circuit Court
LC No. 20-009016-FH

Before: PATEL, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] his convictions and sentences of assault by strangulation, MCL 750.84(1)(b), and aggravated assault, MCL 750.81a(2), as a fourth-offense habitual offender, MCL 769.12. The trial court, after accepting defendant's *nolo contendere* plea, sentenced defendant to 108 to 240 months' imprisonment for his assault-by-strangulation conviction, and 365 days in jail for his aggravated-assault conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of defendant's assault and strangulation of his half sister. Defendant initially rejected the prosecution's plea deal, but later pleaded *nolo contendere* on the second day of his jury trial in exchange for an agreement that he would not be remanded that day. After the trial court imposed its sentence, defendant moved to withdraw his plea or for resentencing, arguing (1) his plea was not knowing or voluntary because defense counsel failed to adequately advise him of his minimum sentencing guidelines range; (2) the trial court erroneously assessed points for Offense Variables (OV) 10 and 19, and defense counsel was ineffective for failing to object; and (3) defendant's speedy-trial rights were not waived by his *nolo contendere* plea, and were violated. The trial court denied defendant's motion, and defendant now appeals.

---

[1] *People v Weaver*, unpublished order of the Court of Appeals, entered April 9, 2024 (Docket No. 369221).

## II. MOTION TO WITHDRAW PLEA

Defendant first argues his plea was not knowing or voluntary and that defense counsel was ineffective for failing to advise him of the correct sentencing guidelines range. We disagree.

### A. STANDARDS OF REVIEW

After a plea has been accepted by the trial court, there is no absolute right to withdraw. *People v Haynes*, 221 Mich App 551, 558; 562 NW2d 241 (1997). "When a motion to withdraw a plea is made after sentencing, the decision whether to grant it rests within the discretion of the trial court." *Id*. "That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice." *Id*. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017) (quotation marks and citation omitted). "Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (quotation marks and citation omitted). Questions of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id*. "A finding is clearly erroneous if this Court is left with a definite and firm conviction that the trial court made a mistake." *People v Abcumby-Blair*, 335 Mich App 210, 227-28; 966 NW2d 437 (2020) (quotation marks and citation omitted).

### B. ANALYSIS

"A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). A trial court cannot accept a *nolo contendere* plea "unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). Moreover, before the trial court may accept a defendant's plea, it must advise the defendant of "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law," MCR 6.302(B)(2), as well as the rights and claims that are given up if the plea is accepted, MCR 6.302(B)(3)-(5).

Criminal defendants have the right to effective assistance during plea negotiations in order to ensure that they have "the ability to make an intelligent and informed choice from among [their] alternative courses of action." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020) (quotation marks and citation omitted). As such, defense counsel should "properly advise [the] defendant regarding the nature of the charges or the consequences" of his or her plea. *Id*. (quotation marks and citation omitted).

A defendant who seeks to withdraw his or her plea on the basis of ineffective assistance of counsel bears "the burden of establishing the factual predicate of his ineffective assistance claim." *Id*. (quotation marks and citation omitted). The defendant must show "a reasonable possibility that, but for counsel's errors," their choice in the plea process would have been different. *Lafler v Cooper*, 566 US 156, 163-164; 132 S Ct 1376; 182 L Ed 2d 398 (2012) (quotation marks and citation omitted).

> A defendant seeking relief for ineffective assistance in this context must meet *Strickland's*[2] familiar two-pronged standard by showing (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [*People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (quotation marks and citation omitted).]

Counsel's representation may fall below an objective standard of reasonableness if counsel "failed to explain adequately the nature of the charges or the consequences of the guilty plea." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995).

Defendant argues his plea was not knowing or voluntary because he entered his plea in reliance of the sentencing guidelines that his attorney calculated before trial. Defendant contends he would not have entered his plea if he knew a higher guidelines range applied to his offenses. However, at no point during defendant's plea proceedings did the trial court or the parties mention a proposed guidelines range upon which defendant could rely. On appeal, defendant asserts that he believed he would be sentenced under a lower guideline range with his own affidavit. His affidavit, however, conflicts with his plea proceeding during which he stated under oath that no one had promised him anything other than what was discussed at the hearing thus far and no one had discussed any sentencing agreement. He also agreed to enter his plea after the trial court informed him that the maximum punishment for his assault-by-strangulation conviction was life imprisonment, and that the maximum punishment for his aggravated-assault conviction was one year in jail. "[W]hen a plea is entered in accordance with the applicable court rules, a trial court is barred from considering testimony or affidavits inconsistent with statements made during the plea hearing." *People v White*, 307 Mich App 425, 430; 862 NW2d 1 (2014). There is no question that the trial court satisfied all its duties under MCR 6.302. Thus, defendant's affidavit is insufficient to establish that his plea was not knowing or voluntary or that he reasonably relied upon his attorney's representation that he would be sentenced within a specific guideline range.

## III. OVS 10 AND 19

Defendant next argues the trial court improperly assessed OVs 10 and 19, and that defense counsel was ineffective for failing to object. We disagree.

### A. STANDARDS OF REVIEW

A trial court's factual findings in support of particular assessment under the sentencing guidelines must be supported by a preponderance of the evidence, and we review these findings for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review de novo whether the facts were sufficient to support the trial court's assessment of points for an OV. *Id.* As previously noted, "whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *Heft*, 299 Mich App at 80 (quotation marks and citation omitted). Questions of fact are reviewed for clear error, while questions of law are reviewed de novo. *Id.*

---

[2] *Strickland v Washington*, 466 US 668, 669; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

## B. OV 10

OV 10 addresses a defendant's exploitation of a vulnerable victim. It is assessed 10 points if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). The term " '[e]xploit' means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A "domestic relationship" is "a familial or cohabitating relationship." *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011).

Defendant argues that, while it is "possible" that the defendant and victim's relationship as siblings constitutes a domestic relationship under OV 10, the circumstances surrounding the assault did not support the trial court's finding that defendant exploited their familial relationship. However, he points to no facts or binding authority[3] to support his assertion, and fails to address the trial court's findings that he exploited his familial relationship with the victim when he went home with her, slept on her floor, demanded food from her, called over an uninvited friend, and then beat her when she objected. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Furthermore, even if this argument was not abandoned, we find no clear error in the trial court's findings that the above facts supported assessing 10 points for OV 10 by a preponderance of the evidence. Because the trial court's findings were sufficient, any objection by counsel would have been futile, and counsel is not ineffective for failing to raise a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## C. OV 19

OV 19 addresses a defendant's interference with the administration of justice. It is assessed 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). This Court has held that threatening to kill a victim to prevent them from reporting a crime warrants assessing 15 points for OV 19. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011). When assessing variables, a trial court may consider information contained in the presentence investigation report (PSIR), admissions by the defendant, and evidence adduced at trial. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). Information in a PSIR "is presumed to

---

[3] Defendant focuses on *People v Verhelle*, unpublished per curiam opinion of the Court of Appeals, issued November 16, 2023 (Docket No. 363734), to support his argument that the victim "was not forced or threatened to allow [defendant] to sleep at her home." Notwithstanding the fact that *Verhelle* is unpublished and thus not binding, *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015), it is easily distinguishable from this case. The defendant in *Verhelle* was assessed 10 points for OV 10 because the victim was his father. *Verhelle*, unpub op at 2. However, this Court reasoned that the victim was not vulnerable or exploited because he participated in the altercation and attempted to "physically remove [the] defendant from his home[.]" *Id*. at 3. The victim in this case did not participate in the altercation or try to physically remove defendant from her home; she simply told him to leave and was beaten as a result.

be accurate, and the defendant has the burden of going forward with an effective challenge[.]" *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019) (quotation marks and citation omitted).

Defendant's PSIR indicated the victim reported that defendant threatened to kill her multiple times if she reported the assault to police. At sentencing, defendant only objected to the PSIR's claim that he was on probation at the time. He did not object to the PSIR's account of the victim's statements. Thus, the PSIR's contents are presumed to be accurate in all aspects except the probation issue, and defendant is not entitled to relief on appeal on the basis that the victim's report in the PSIR is inaccurate. See *id.* at 122 (concluding the defendant was not entitled to appellate relief when the defendant "failed to make an effective challenge in the trial court[.]").

Defendant also argues defense counsel was ineffective for failing to object to the trial court's reliance on the PSIR. However, even if counsel's failure to object fell below an objective standard of reasonableness, there is no indication that the outcome of the proceeding would have been different had counsel objected. *Douglas*, 496 Mich at 592. The trial court explained at the hearing on defendant's motion for reconsideration that, had it granted defendant's objections and assessed OVs 10 and 19 at 0 points, the change in the guidelines range would not have changed defendant's ultimate sentence. The trial court reasoned that it would not have sentenced defendant within a lower guidelines range because such a sentence would not be proportionate to the seriousness of the circumstances surrounding the offense and offender, and provided numerous reasons to support its conclusion. Because there is no evidence that, even if defense counsel had objected, the outcome of the proceedings would have been different, defendant has not demonstrated ineffective assistance of counsel.

## IV. SPEEDY TRIAL

Defendant argues he did not waive his right to a speedy trial when he pleaded *nolo contendere* and that his right to a speedy trial was violated in this case. We disagree.

## A. STANDARDS OF REVIEW

The issue whether a defendant was denied his or her right to a speedy trial is a question of constitutional law, which we review de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). We review the trial court's factual findings for clear error. *Id.*

## B. ANALYSIS

Both the United States and Michigan Constitutions guarantee the right in criminal prosecutions to a "speedy" trial. US Const, Am VI; Const 1963, art 1, § 20. As the law currently stands "a defendant who has pleaded *nolo contendere* has waived any speedy trial claim on appeal." *People v Jones*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365590); slip op at 3. However, in *People v Horton*, 500 Mich 1034 (2017), our Supreme Court's opinion raised the question of whether the waiver issue is settled law. This Court did not address the question on remand in *Horton* because it granted the parties' joint motion to dismiss the appeal. *People v Horton*, unpublished order of the Court of Appeals, entered October 16, 2017 (Docket No. 324071). Thus, as indicated in *Jones*, "[a]lthough defendant has likely waived his speedy-

trial claim, we will proceed out of an abundance of caution and address the claim on the merits, assuming merely for the sake of argument that waiver is not an impediment here." *Jones*, ___ Mich App at ___; slip op at 3.

"In determining whether a defendant has been denied the right to a speedy trial, we balance the following four factors: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *People v Williams*, 475 Mich 245, 261-262; 716 NW2d 208 (2006). "Following a delay of eighteen months or more, prejudice is presumed, and the burden shifts to the prosecution to show that there was no injury." *Id*. at 262. The delay in this case was 24 months. Thus, prejudice is presumed, and we must inquire into the other factors to determine if it has been rebutted. *Id*.

"In assessing [the reason for delay], reviewing courts may consider which portions of the delay were attributable to each party when determining whether a defendant's speedy trial rights have been violated[,] and may attribute unexplained delays—or inexcusable delays caused by the court—to the prosecution." *People v Smith*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362114); slip op at 3. Here, docket entries indicate that two requests to adjourn are attributable to defense counsel's schedule conflicts, two are attributable to the prosecution's schedule conflicts, and one is attributable to the fact that the victim was unavailable. Delays due to witness unavailability do not weigh against either party. *People v Cain*, 238 Mich App 95, 113; 605 NW2d 28 (1999). Given the reasons for the delays in this case are balanced between the parties, this factor is neutral.

As for the third factor, "[f]ailure to assert the right to a speedy trial does not necessarily waive that right. However, a defendant's claim that his right to a speedy trial was violated is heavily offset if he does not assert his right." *People v Lowenstein*, 118 Mich App 475, 488-489; 325 NW2d 462 (1982) (citations omitted). Defendant did not assert his speedy-trial right below, thus, this factor weighs against a finding that defendant was deprived of his right to a speedy trial.

Finally, we consider the prejudice to defendant. *Williams*, 475 Mich at 262. In the context of a speedy-trial violation, there are two types of prejudice: prejudice to the person and prejudice to the defense. *People v Collins*, 388 Mich 680, 694; 202 NW2d 789 (1972). Prejudice to the person "would take the form of oppressive pretrial incarceration leading to anxiety and concern." *Id*. "Prejudice to [the] defense might include key witnesses being unavailable." *Id*. "Impairment of defense is the most serious [form of prejudice], because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. (quotation marks and citation omitted).

In this case, defendant was out on bond pending his trial, meaning the delay did not affect his person "by subjecting [him] to lengthy pretrial incarceration." *Cain*, 238 Mich App at 114. While defendant emphasizes the "anxiety and concern" and "public accusation" he suffered pending trial, "anxiety alone cannot establish a speedy-trial violation." *Smith*, ___ Mich App at ___; slip op at 6. Thus, the prejudice to defendant's person is minimal, and insufficient to establish a speedy-trial violation. *Id*.; *Cain*, 238 Mich App at 114.

As for the prejudice to his defense, defendant argues he was prejudiced because he lost three witnesses who could testify on his behalf due to the delay. Defendant contends his brother

"was at the home during the altercation, and his mother and father were with [him] that morning and would have testified as witnesses[,]" but these three potential witnesses died before trial. Contrary to defendant's assertions, there is no evidence in the record that any of these people were present at the victim's home during the assault or otherwise with defendant that morning between the assault and his arrest shortly thereafter. Moreover, defendant does not explain on appeal how these peoples' testimonies would have aided in his defense to the extent that their absence prejudiced him. Again, a party's "failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *McPherson*, 263 Mich App at 136. Given the lack of evidence in the record and lack of argument on appeal, we conclude there was no sufficient prejudice to defendant's defense.

Therefore, while prejudice was presumed because the delay was longer than 18 months, *Williams*, 475 Mich at 262, the remaining factors are either neutral or weigh against a finding of a speedy-trial-right violation. Thus, defendant's right to a speedy trial was not violated. Because defendant's right to a speedy trial was not violated, his Standard 4 argument that trial counsel was ineffective for failing to assert his speedy-trial right fails, because counsel is not ineffective for failing to make a futile argument or raise a futile objection. *Ericksen*, 288 Mich App at 201.

## V.  DEFENDANT'S STANDARD 4 BRIEF

In his Standard 4 brief, defendant sets forth additional arguments that defense counsel was ineffective. He contends counsel failed to (1) present defenses, (2) meet with defendant, (3) investigate the facts of the case, (4) adequately prepare for trial, and (5) meaningfully subject the prosecution's case to adversarial testing. We disagree.

### A.  STANDARDS OF REVIEW

Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and law. *Heft*, 299 Mich App at 80. "Because no *Ginther* hearing was held, *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973), [our] review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

### B.  FAILURE TO MEET WITH DEFENDANT, INVESTIGATE, AND ADEQUATELY PREPARE

The defendant bears the burden to prove the factual predicate of his claim that defense counsel did not provide effective assistance. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In this case, defendant's argument regarding counsel's failure to meet with him more extensively is not persuasive. Defendant acknowledges he met with counsel four times and counsel sent him some e-mails and perhaps a letter. He does not adequately explain how more meetings and correspondences than this would have affected the outcome of his trial. Instead, he primarily argues that the lack of interaction and correspondence resulted in a lack of witnesses at trial, evidencing counsel's inadequate trial preparation.

The decision to call or question a witness is presumed to be a matter of trial strategy, *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and a defendant "must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Jordan*, 275

Mich App at 667-668 (quotation marks and citation omitted). Although defendant claims counsel never interviewed witnesses or spoke with others "who had uncovered evidence pertinent to the case," he does not identify what this "evidence" was, nor does he explain how these unnamed witnesses would have testified or how these testimonies would have aided his defense. Defendant has failed to rebut the presumption that counsel's failure to call these unidentified witnesses was sound trial strategy.

Defendant also claims counsel was ineffective for failing to investigate the crime scene or the victim's allegations in the police report that his friends were at her house. Defendant contends that if counsel had visited the crime scene, the visit would have "clarified facts," and given counsel "the proper insight to ask proper questions" to defendant and other witnesses. Neither defendant nor the record demonstrate that any such visit would have enhanced defense counsel's trial performance. Defendant also makes unsupported assertions that his attorney failed to investigate the victim's statements to police that defendant's friends were at the house, presumably at the time of the assault. Defendant appears to be challenging the victim's complaint to police that defendant was "having his friends over at her house." However, at trial, the victim testified that she overheard defendant on the telephone giving someone directions to her house and she told him not to send people she did not know to her home. Thus, the record suggests that the victim's statement to the police was recounting defendant's act of *inviting* his friends to her house, not that they were already there. Therefore, defendant has failed to establish the factual predicate for his allegation of error in this regard. *Hoag*, 460 Mich at 6.

## C. FAILURE TO PRESENT DEFENSES

A defendant is entitled to have defense counsel prepare, investigate, and present all substantial defenses. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). A substantial defense is one that might have made a difference in the trial's outcome. *Id*. However, a plea of *nolo contendere* waives all defenses that relate to the prosecution's capacity to prove defendant's factual guilt. *People v Johnson*, 207 Mich App 263, 264; 523 NW2d 655 (1994). That is, a defense that seeks to negate an element of the charged offense or that requires an assessment of guilt or innocence are waivable by a no-contest plea. See *People v Jex*, 489 Mich 983, 983 (2011). Defendant's plea therefore waives his challenges on appeal that defense counsel should have—and was not going to—raise defenses of self-defense, intoxication, or actual innocence had his trial continued to completion. *Id*.

Thus, the only nonwaived argument defendant maintains in this regard is his claim that defense counsel should have raised an insanity or diminished capacity defense. A traditional insanity defense requires a defendant to prove, by a preponderance of the evidence, that he "lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law[]' " as a result of a mental illness or intellectual disability. *People v Carpenter*, 464 Mich 223, 231; 627 NW2d 276 (2001), quoting MCL 768.21a(1). However, mental illness, alone, "does not otherwise constitute a defense of legal insanity." MCL 768.21a(1). Nor does voluntary intoxication, alone. MCL 768.21a(2). Likewise, a diminished-capacity defense requires the defendant to "offer evidence of some mental abnormality to negate the specific intent required to commit a particular crime." *Carpenter*, 464 Mich at 232. However, Michigan has eschewed the use of a diminished-capacity defense in favor of an "all or nothing insanity defense." *Id*. at 237, 241.

The PSIR supports defendant's contention that he suffers from mental illnesses and had previously attempted suicide. However, mental illness alone is insufficient to establish an insanity defense. MCL 768.21a(1). Notably, the PSIR was not available to defense counsel before trial, and we have no way of knowing whether defendant apprised counsel of his mental illnesses and history during their privileged communications. Furthermore, defendant's conduct during the proceedings undermine any argument that he "lacked substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law." *Carpenter*, 464 Mich at 231 (quotation marks and citation omitted). At sentencing, defendant cogently described how he took care of a sick family member and started a nonprofit organization to honor his recently deceased mother—a claim supported by a letter drafted by a friend to the trial court before sentencing. The evidence in the record does not support the contention that counsel could have adequately asserted an insanity defense on defendant's behalf. Thus, his alleged failure to do so does not constitute ineffective assistance. See *Ericksen*, 288 Mich App at 201 ("[f]ailing to advance a meritless argument . . . does not constitute ineffective assistance of counsel.").

## D. FAILURE TO SUBJECT THE PROSECUTION'S CASE TO ADVERSARIAL TESTING

Much of defendant's argument in this respect concerns the arguments already discussed above. Aside from these challenges, defendant also argues that defense counsel failed to adequately cross-examine the victim. We certainly agree that defense counsel is obligated to defend a client competently and zealously. *People v Alderete*, 132 Mich App 351, 360; 347 NW2d 299 (1984). However, "[t]he questioning of witnesses is presumed to be a matter of trial strategy[,]" *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008), and a defendant "must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Jordan*, 275 Mich App at 667-668 (quotation marks and citation omitted).

The record suggests that the victim was shaken when giving her testimony on direct examination. Defense counsel's cross-examination was fairly unavailing, but, in light of her emotional testimony regarding the assault, underscored by the photographs of her injuries provided at trial, it is not unreasonable that defense counsel's strategy involved a light cross-examination. Moreover, defendant's assertion that counsel should have questioned the victim about her prior convictions is unpersuasive, because he provides no evidence she has any such convictions, and offers no evidence that counsel could have overcome the restrictions imposed by MRE 609 to use any of these convictions during cross-examination. Defendant has thus failed to overcome the presumption that counsel's performance constituted sound trial strategy. *Id*.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron